EDELIN
*vs*
CLARKSON'S
EXECUTORS.

---

## Edelin *vs* Clarkson's Executors.

APPEAL FROM THE WASHINGTON CIRCUIT.

*Parol contract for land.   Consideration.*

JUDGE MARSHALL delivered the opinion of the Court.

DEBT.

*Case* 10.

*September* 10.

THE only question necessary to be decided in this case is, whether if a note be given for the purchase money, upon a parol sale of land, by the terms of which the possession is to be delivered to the purchaser, immediately or before the price is payable, and the possession is accordingly so delivered, and is held by the purchaser, he can defeat a recovery at law upon the note, by a plea that there was no *writing* signed by the vendor or his agent, evidencing the sale.   It is clear that the statute of frauds and perjuries does not directly prohibit such an action, because it is brought upon a note in writing, signed by the party charged in the action.

Point to be decided.

The plea that the note was given in consideration of a sale of land, not evidenced by writing, is not a plea directly setting up the statute in bar of the action, but is ‪nothing more or less than a plea of the want or failure of consideration.   And the statute is involved only so far as by prohibiting an action upon the agreement or promise which formed the consideration of the note, it nullifies that consideration, or renders it valueless.   A promise which cannot be enforced, is no sufficient consideration for a promise from the other party, because it has, in a legal sense, no value.   But this is true only while the unenforcible contract is a promise, that is, while it remains executory.   For when it is performed, and the promisee has actually received the expected benefit, the original form of it becomes immaterial; and the benefit of per-

Plea that the note sued on ''was given in consideration of a sale of land not evidenced by writing,'' is not a plea setting up the statute of frauds in bar of the action; but is only a plea of want or failure of consideration—— and in such case where the contract was to deliver the possession of the land before the day of payment, and possession has been given, such defence is not available at law,

EDELIN
vs
CLARKSON'S
EXECUTORS.

nor in equity, if
the conveyance
be made.

formance having been actually received, it is too late to say that it is or was of no value, because that benefit could not have been enforced. If a note for the price be given, upon a parol sale of land, and before the note is paid or an action brought, a conveyance be made and received, surely the purchaser could not rely upon the want of a writing evidencing the original sale, to defeat a subsequent action for the price. The execution of the promise not only confers a benefit or value upon the promisee, but shows that the original promise, though unenforcible, was, nevertheless, valuable, as being the source and cause of the benefit received. In such case there is neither a want nor failure of consideration, of which the purchaser can avail himself. And so far as the unenforcible promise is in fact performed, and a benefit derived from it, so far must it be deemed valuable, and so far is there a consideration, in fact, for the promise to pay by the promisee, who has received the benefit.

In this case, a part of the contract of sale which formed the consideration of the note sued on, was that the possession should be delivered at a short day, and before the price was payable. That part of the contract has been executed. The purchaser has received a partial, but a very important benefit from a partial performance of the contract or promise, which formed the consideration of his promise. To this extent he has received actual tangible value in exchange for his note, and under the terms of the contract which formed the consideration of his note. And, according to our view of the subject, although he cannot enforce full performance of the contract, the partial benefit which he has received and actually enjoyed, precludes him from saying that there was either a total want or a total failure of consideration. And as a partial want or failure of consideration is not available as a defence at law, it follows that upon the facts assumed in the question as above stated, the plaintiff was entitled to recover.

Wherefore, the decree is affirmed.

*McHenry* for appellants : *Morehead & Reed* for appellees.