CASE 30—PETITION ORDINARY—OCTOBER 3.

## Hill's adm'r vs. Spalding's ex'or.

APPEAL FROM MARION CIRCUIT COURT.

1. In an ordinary action by an executor, on notes for the purchase money of land sold by him under a power contained in the will, where the vendee plead that there was no written memorial of the sale, the executor, although a contingent legatee, is a competent witness to prove that such written memorial was executed.

2. In such case, the vendee, having held possession under his purchase for nearly seven years, paid a part of the price and obtained indulgence for the residue by renewing his notes with security, and a good conveyance of the title having been tendered him pending the suit, would not be relieved by the statute of frauds—especially where his answer does not propose a rescission—even if there had been no written memorial of the contract.

HILL & KNOTT, for appellant, cited 1 *Rev. Stat., pp.* 264, 265; *Civ. Code, secs.* 120, 123; 1 *Bibb*, 203; 6 *B. M.*, 101; 11 *B. M.,* 42; 6 *Dana*, 337; 2 *Marsh.*, 33; 12 *B. M.*, 603; 1 *Green., sec.* 392; 3 *B. M.*, 31.

BARNETT & NOBLE, for appellee, cited 12 *B. M.*, 621; *Chitty on Contr., p.* 306; 2 *Marsh.*, 107; 3 *Marsh.*, 246; 3 *Mon.*, 167; 4 *J. J. M.*, 511; 5 *J. J. M.*, 334.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT.

On the 7th of November, 1855, Joseph Spalding, as executor of Thomas S. Spalding, deceased, claiming power under

said decedent's will to sell a tract of land of the estate of the testator, made a public sale of it to R. G. Hill, as the highest bidder, on a credit of one, two, and three years, in three equal payments, with legal interest from the date of the sale, the purchaser to have immediate possession, to execute three several notes, with a sufficiant surety for the price, and to have a bond for a good title to be made on full payment. The notes were accordingly executed, with B. P. Hamilton as surety, and Hill, in a few days, took possession of the land, occupied it until his death, near the last of the year 1862, and his surviving family contined to occupy it afterwards. On the 7th of November, 1859, Hill, having made partial payments to the amount of about $3,000, took up the original notes, and gave a single note for the consolidated balance still remaining due, and the same Hamilton was surety in the new note. Early in the year 1862, the executor, by ordinary petition, sued Hill and Hamilton on the last note, alleging that the will had been duly proved and recorded in the county court of Marion, where the land lies, and the testator lived and died, and—making an exhibit of a copy of the will—averred that it fully empowered him to sell the land as he had done in execution of that power. Hill answered, and, not controverting the allegations of the petition as to the will or the power claimed as conferred by it, and admitting the other allegations respecting the sale, the execution of the four notes, and his uninterrupted occupancy and enjoyment of the land, he alleged that there was no bond for title or other written memorial of the sale, and thereupon pleaded the statute of frauds and perjuries. Shortly after the filing of that answer, to-wit, on the 5th of July, 1862, Morgan's band burnt the clerk's office and all its records and papers, including the will and the pleadings and exhibits in the said suit. Afterwards a supplemental petition was filed, alleging the foregoing facts, and praying for judgment as in the original petition. In the meantime Hill having died, his administrator, widow, and infant children, were made defendants, together with Hamilton the surety—all of whom—the infants acting through a guardian *ad litem*—answered as Hill himself had done, and relying on the same plea. During the

progress of the case a proper conveyance of the land was tendered and filed. And the deposition of the executor was also filed to prove, that, when the original notes were delivered to him, he delivered to Hill a sufficient obligation for a conveyance of the title to the land.

On these pleadings and facts the circuit judge ordered a sale of the land for paying the debt, as prayed for in the supplemental petition, and, for more specific certainty as to the boundary of the land preparatory to a re-execution of a conveyance by the executer, appointed a commissioner to make an actual survey.

The appellants complain of that judgment on two principal grounds—1st. That there was no sufficient proof of a valid will or of power under it to sell the land; and, 2d. That the evidence was insufficient to prove that there was any written memorial of the sale, or of a binding contract to convey the title.

The appellants objected to the executor's deposition as incompetent on account of interest, because, as they argue, he might be responsible for usurpation of power and for negligence in failing to fasten the sale by a proper writing, and because, also, he is a contingent legatee of $500 in the event of the death of one of the testator's sons. We see no such immediate, certain, or direct interest as should exclude the witness. All that he is responsible for as a fiduciary is good faith, and that is sufficiently attested by this record. And we consider his possible legacy as too contingent and remote to disqualify him, especially to testify that he gave to Hill an obligation in writing, a failure to do which could not affect that legacy. The probability that Hill would not have executed his notes and settled on the land without some reciprocal obligation; the fact that, during four years, he paid several thousand dollars, and, being unable to pay punctually, obtained indulgence, and, just four years after the sale, recognized the contract and renewed his own obligation, without suggesting that the vendor, to whom he gave the notes, was not also bound by writing; and the fact that he occupied the land so long, and never either asked for some such writing, or com-

plained that he had none until, nearly seven years after the sale, he was sued on his bond for the unpaid consideration; these circumstances alone conduce to the probable deduction that a written obligation or memorial had been delivered to him simultaneously with the delivery of his notes to the executor; and, as a conclusive corroboration, the testimony of the executor on that point was admissible, especially as Hill's possession and concealment or loss of that writing, if ever executed, would probably have made any other direct and positive proof difficult, and perhaps impossible. As to the delivery by the executor to Hill of such a writing, we are therefore of the opinion that the executor himself was a competent witness. And thus the plea of the statute is unavailing.

But, even, had there never been any such writing, it seems to us that this fact should not, in this action, relieve the appellants from the payment of the unpaid balance of the price bid for the land.

In respect to this matter they stand as complainants, just as they would have done had they sued in chancery to rescind the contract of sale. And, in such a suit, they could not have succeeded under the circumstances developed in this record. The statute does not make an oral sale of land *void*, but provides only that a suit *to enforce the sale* shall not be maintained. For many purposes, and especially in equity, such a sale may be valid and binding. If the vendee shall sue in assumpsit for money paid under the contract, the tender of a sufficient conveyance of the legal title will defeat his action; and, if himself sued for the price in a legal action, his possession of the land, although it would not here, as it might in England, entitle either party to a specific execution on the ground of part performance, would yet uphold the action and leave the vendee to his only remedy by a suit in equity for rescission and restitution, in which, if he cannot get a good title, he would be relieved by a rescission and a perpetual injunction against the judgment for the consideration. The tender of a good conveyance of the legal title in this case, anticipating and rebutting that equity, was alone a sufficient answer to the plea

of the statute of frauds and perjuries, and especially as the answer did not propose a rescission of the contract and a restitution of possession.

The second ground of complainant is not more availing than the first, which has been just considered. The publication of a valid will containing the alleged power in the executor to sell, as he did sell, the land, is sufficiently proved by the petitions and answers, without the aid of any of the extrinsic testimony which, properly considered, is itself strong.

Hill's answer tacitly admitted that there was such a will, with such a power, duly executed, proved, and recorded, and the answer of the appellants, adopting his answer, is of the like tenor. In neither of these answers is there any intimation of a want of power to sell, or of any denial of the allegations to that effect in the original and supplemental petitions. The only judicial deduction, therefore, is, that therewas such a will and such a power.

Wherefore, the judgment is affirmed.