[No. 5539.]

## JOHN H. PLATH *v.* MICHAEL KITZMULLER.

STATUTE OF FRAUDS—SALE OF REAL ESTATE—FINDING NOT SUPPORTED BY EVIDENCE.—P and K were partners in the business of carriage-making, and the firm owned, among other property, an interest in certain real estate evidenced by a contract of sale, in accordance with which most of the purchase-money had been paid. P agreed to sell out his interest in the firm to K, and tendered a written bill of sale of all his interest in the firm property, but did not offer a deed specially to convey his interest in the real estate. Held in assumpsit by P against K for the sum agreed to be paid by K, that the evidence would not support a finding that a sufficient tender had been made by P.

IDEM—PLEADING.—In such a case, it is not necessary to plead the Statute of Frauds.

APPEAL from the District Court of the Nineteenth Judicial District, City and County of San Francisco.

The answer did not specially plead the Statute of Frauds. The plaintiff had judgment. The defendant moved for a new trial, which was denied, and he appealed. The other facts are stated in the opinion.

*Moses G. Cobb* and *R. S. Clyde*, for Appellant.

This agreement is for an interest in land, and no interest in the contract could be passed except by an instrument in writing. The delivery of the contract itself would not suffice; but even that was not attempted. Nothing short of a written transfer would constitute a delivery of the plaintiff's interest in this lot of land, so as to entitle plaintiff to bring assumpsit for the consideration. (Secs. 1741, 4624 Civil Code, as amended 1873–4; Brown's Stat. Frauds, 3rd ed. sec. 229.)

*James L. Crittenden*, for Respondent.

The Statute of Frauds must be pleaded by the defendant as a defense in his answer, and if not pleaded specially, it is waived. (Code of Civil Procedure, sec. 437; Brown on Statute of Frauds, secs. 508, 519; *Osborne* v. *Endicott*, 6 Cal. 153; *Burt* v. *Wilson*, 28 Cal. 638; *Skinne* v. *McDowell*, 2 De Gex & S. p. 273; *Vanpell* v. *Woodward*, 2 Sand. Ch. 144; *Small* v. *Owings*, 1 Md. Ch. p. 366; *Harrison* v. *Harrison*, Ibid. 335; *Jones* v. *Slubey*, 5 Har. & J. 383; *Cozine* v. *Graham*, 2 Paige, 181; *Edelin* v. *Clarkson's Executors*, 3 B. Mon. 31; *Lear* v. *Chonteau*, 23 Ill. 40–1; *Burke* v. *Haley*, 2 Gilm. 618; *School Trustees* v. *Wright*, 12 Ill. 441; Cooper's Eq. Pl. p. 256.)

By the COURT:

The action is to recover the purchase-price of " an undivided one-half interest in all the personal and real property of the firm known as ' Plath & Kitzmuller.' "

The personal property consisted of carriages and buggies and

other stock in trade of the firm, including moneys due the firm, and its interest in a lot on Wildey Street. The interest in the lot was a contract for its purchase made by the firm, and to the effect that the lot was to be conveyed by its owner to the firm upon payment of all the purchase-money—part of the purchase-money remaining still unpaid, at the time of the sale from Plath to Kitzmuller, upon which the complaint here counts.

The plaintiff recovered judgment in the Court below, the finding being that plaintiff, in pursuance of an agreement to sell, offered and tendered to defendant a written bill of sale of all his interest in the firm property. Assuming, in favor of plaintiff, that the mere tender, without the acceptance, would support an action of this character, the finding is attacked, upon the motion for a new trial, on the ground that the evidence is insufficient to justify it.

Upon looking into the record, we are unable to discover any evidence in support of the finding, or tending to show an offer upon the part of the plaintiff to convey the interest in the real estate referred to.

Judgment and order reversed, and cause remanded for a new trial.