### SAMUEL B. PHELPS *v.* MARIAM PINKSTON, ET AL.

**Specific Performance—Contract of Sale of Real Estate.**

The court cannot decree specific performance of a contract of sale of real estate where there is no description of the land in the contract from which the court could ascertain even in what county or state it is situated.

#### APPEAL FROM MADISON COURT OF COMMON PLEAS.

September 14, 1878.

OPINION BY JUDGE HINES:

In 1864 appellant sold about twenty acres of land to Robert Pinkston, and about 1868 Pinkston sold a portion of the same land to David Howard. No conveyance has been made by the appellant to Pinkston nor by Pinkston to Howard. Howard brought this suit against Pinkston and the appellant, alleging certain payments on the land and seeking a conveyance. Before service of process Pinkston died, and the appellant filed his answer and made it a cross-petition against the widow and children of Pinkston, alleging that he had good title to the land, offering to convey to whom the court might direct, and asking for a sale of the land to pay the remaining pur-

chase money.  The only written evidence of the sale is the following note signed by Robert Pinkston:

"$466.67.

On or before the 1st day of January, 1870, I promise to pay S. B. Phelps (appellant) four hundred sixty-six dollars and sixty-seven cents in payment for twenty acres of land, more or less, a lien to be reserved upon the land until the whole of the purchase money is paid.  This January 1, 1870.

his<br>
Attest:        (Signed)   Robert X Pinkston."<br>
W. W. Edwards.          mark.

There is in the petition of appellant no description of the land, and no allegation as to the state or county in which it lies.  It is not set out by metes and bounds, nor is there any deed tendered.  On an order submitting the case upon exceptions to depositions and "in chief," the court below adjudged in a well considered opinion that so much of the petition of appellant as sought to enforce the contract of sale and the subjection of the land to the payment of the remainder of the purchase money be dismissed, and from that judgment this appeal is taken.

The weight of authority in this state is in favor of the enforcement of contracts like this when the vendor tenders good title.  Such contracts are not void, but suits to enforce the sale cannot be maintained.  Yet if the vendee sue for the recovery of money paid on such a contract a tender of a sufficient conveyance of the legal title will defeat his action.  *Cheshire and Wife v. Payne,* 16 B. Mon. 618; *Hill's Adm'r v. Spalding's Ex'r,* 1 Duv. 216.  In any view, however, the court could not have enforced a specific performance of the contract, as there was no location or description of the land.

When the pleadings and exhibits show the absence of the necessary writing, the statute of frauds need not be specially pleaded, but the objection may be made by demurrer.  *Linn-Boyd Tobacco Warehouse Co. v. Terrill,* 13 Bush 463.  There was neither plea nor demurrer below, but the court properly held that the answer of the guardian ad litem for the infants must be regarded as raising every defense apparent on the record.

The exception of the appellant to the deposition of Marian Pinkston, "because she was the wife of Robert Pinkston at the time all the facts detailed by her occurred," was properly overruled.  There may be portions of her evidence that are objectionable, but cer-

tainly not because she was the wife of Pinkston at the time when the incidents of which she speaks occurred. Information coming to her by reason of the marital relation or confidential communications made by her husband should be excluded. The exception, however, does not raise such an objection.

The exceptions to the depositions of Howard, Neal, Gentry, White and Cole are too general and indefinite, and the court properly overruled them.

Judgment *affirmed* and cause remanded for further proceedings to adjust the equities between the parties, as indicated by the court below, and in conformity to this opinion.

*Chenault & Bennett, for appellant. John G. Cole, for appellees.*