## Reese v. Bailey.

(Decided June 1, 1923.)

### Appeal from Pulaski Circuit Court.

1. **Frauds, Statute of—Oral Contract for Sale of Land is Voidable, Not Void.**—The statute does not declare an oral contract for the sale of land to be void, and such contract is voidable only and

not void, and the statute may be employed only defensively and not offensively.

2. Frauds, Statute of—Purchaser Under Oral Contract Not in Possession is Not Liable on Check for Purchase Price.—Where a purchaser of land under an oral contract had never been put in possession so that the vendor suffered no detriment, a check given by the purchaser in part payment is without consideration, and the vendor cannot recover thereon, even though he is ready, willing, and able to perform his part of the oral agreement.

H. C. KENNEDY for appellant.

JAMES DENTON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellee Bailey, who was plaintiff below, recovered judgment of Reese for $500 with interest and costs, on a check which Reese gave to the plaintiff as part payment for a farm, for which he verbally agreed to pay the sum of $6,700.00.

It is admitted that there was no written memorandum of the contract of sale, and that it is within the statute of frauds; that the plaintiff was ready, willing and able to comply with same, and that the defendant repudiated the contract and stopped payment upon the check within a few hours after its delivery, and without having been put in possession of the land.

Our statute does not declare such contracts void, but that same shall be unenforceable, and, despite statements to the contrary found in some of the opinions, the great weight of authority in this state, as elsewhere under like statutes, is that such contracts are voidable and not void, and that the statute may be employed defensively but not offensively, or, as often expressed, "As a shield, but not as a sword."

With a single exception (Burks v. Douglas, 156 Ky. 462, 161 S. W. 225), we have held, as is the nearly universal rule, that the purchaser of land under a verbal contract may not recover back money paid on the purchase price, if the vendor has not repudiated the contract and is ready, willing and able to perform it, even though it could not be enforced against him either in law or equity. Dougherty v. Goggin, 1 J. J. Marshhall 373; Bedinger v. Whittamore, 2 J. J. Marshall 552; Duncan v. Baird, 8 Dana 101; Lewis v. Whitnell, 5 T. B. Monroe 191; Hill v. Spalding, 1 Duvall 216. See also 25

R. C. L. 726, and notes to L. R. A. 1916D 468, and Ann. Cas. 1914D 471.

Attacking the Burks case, and claiming an analogy between a recovery by the vendee of purchase money paid and a recovery by the vendor on a check or note for same, counsel for appellant seeks to reverse the judgment herein upon authority of the above cases other than the. Burks case, while counsel for appellee, upon the same analogy but under the Burks case, which it is claimed overrules the others, seeks to sustain the judgment.

A sufficient answer to both arguments, which renders unnecessary a consideration of any of the above cases, is found in the fact that this court has never recognized the claimed analogy, but has always held, in a separate and distinct line of cases, that where, as here, the vendee has not been placed in possession of the land purchased by verbal agreement, a note given therefor was wholly without consideration, and for that reason unenforceable. Edelin v. Clarkson, 3 B. Mon. 31; Curnutt v. Roberts, 11 B. Mon. 42; Hill v. Spalding, 1 Duvall 216. And in the more recent case of Fite v. Orr, 1 S. W. 582, 8 Ky. L. R. 349, we held, upon authority of Usher's Extrx. v. Flood, 83 Ky. 552, 7 Ky. L. R. 636, that the vendor could not recover on a note given for land orally purchased, even where the vendee had been placed in possession of the land.

The distinction based upon possession, observed in the earlier cases from this court but disregarded in the Fite case, is thus stated in Curnutt v. Roberts, *supra*:

"The verbal agreement to sell and convey land not being binding on the vendor, formed no consideration for the promise to pay the money, or to accept the deed. The promise therefore to pay the money being without consideration was legally invalid, and could not be enforced.

"Where a purchaser has executed a note for the price, and has obtained possession of the land, it has been decided, that if he be sued upon the note, the fact that the contract was verbal, and the vendor has not executed a writing evidencing the sale, does not furnish him with a legal defense to the action, because, as he has acquired the possession of the land, and derived some benefit from the contract, there is not an entire failure of the consideration upon which the note was executed.

That decision, however, is not in conflict with the principles of this opinion. The purchaser in this case has derived no benefit whatever from the contract, nor has the vendor sustained any loss or prejudice, consequently the promise to pay the money was without any valid consideration whatever.''

It is not necessary, however, for us to consider now the apparent conflict in these cases, since, under all of them, the vendor cannot enforce a note against the vendee who, like appellant, has never been in possession.

These cases are, in our judgment, conclusive of this one, as we are utterly unable to see any substantial difference whether the liability is asserted upon a check or a note executed by the vendee in payment for the land, since both must stand or fall on precisely the same consideration.

A case involving a check, (Fleischmann v. Plock, 44 N. Y. Supp. 413), and several cases from other jurisdictions involving notes are cited and relied upon by counsel for appellee, which hold—without reference to the question of possession or benefits—that the vendor may recover where he has not repudiated the contract and is ready, able and willing to perform it.

In these cases the ability and willingness of the vendor to perform the contract is held to be a sufficient consideration for the vendee's promise to pay.

We are wholly unable to agree with the view that the attitude of one party to an unenforceable contract constitutes a valid consideration to support the promise of the other party to comply therewith, and we are unwilling to overrule our own cases, holding that, in addition to the will and ability to convey by one party, there must be some benefit derived by the other to render enforceable either his promise or order to pay, as part of a contract which the legislature has declared unenforceable by either.

Since appellee suffered no loss or prejudice, and appellant derived no benefit from the contract, we are of the opinion that there was no valid consideration for the check. Hence the court erred in giving judgment upon it, and the judgment is reversed, for proceedings consistent herewith.