ECCLES, APPELLANT, *v.* KENDRICK, RESPONDENT.

(No. 6,123.)

(Submitted June 8, 1927. Decided July 18, 1927.)

[259 Pac. 609.]

*Cancellation of Instruments—Promissory Notes—Land Contract —Statute of Frauds—Part Performance—Consideration.*

Cancellation of Instrument—Oral Transfer of Land—Statute of Frauds.
   1. In an action for the cancellation of a promissory note and chattel mortgage securing it, alleged by plaintiff vendor to have been given by him to his vendee as security if plaintiff should be unable to perfect his title to a portion of the land sold (which title had been obtained, deed being tendered), and claimed by defendant vendee to have been given under an oral agreement to take back the land sold, the amount of the note representing payments made by defendant on the purchase price, *held,* that such oral agreement was in effect one for the retransfer of real property and therefore void under the statute of frauds, which requires such an agreement to be in writing subscribed by the party to be charged, the plaintiff.

[80 Mont. 120.]

Statute of Frauds—Note or Memorandum—Insufficiency.

2. A promissory note (or mortgage) said to have been given in connection with the oral transfer of real property, which contains no reference to the terms of the contract, is not a sufficient memorandum to take the contract out of the operation of the statute of frauds, within the meaning of section 7519, Revised Codes 1921, declaring such a contract invalid unless a note or memorandum thereof be in writing and subscribed by the party to be charged.

Same—What Insufficient to Take Contract Out of Statute.

3. The oral contract above, having been void under the statute of frauds and binding upon neither party, tender by defendant of a quitclaim deed to the property sold to defendant but asserted to have been taken back by plaintiff under the contract, which tender was made two years after making of the alleged contract, *held*, insufficient to take the case out of the statute.

Same—Part Performance—What may Constitute.

4. Part performance of an oral agreement, otherwise void under the statute of frauds, which will avoid the statute, may consist of an act which puts the party performing it in such a situation that the nonperformance of the agreement would be a fraud upon him.

Same—Part Performance—Insufficient Showing.

5. Where plaintiff in an action for the cancellation of a promissory note claimed by defendant to have been given in consideration of an oral contract to convey real property, never entered into possession, and defendant neither pleaded nor proved that by plaintiff's alleged part performance of the contract consisting of having the property assessed in his name and paying the taxes thereon for several years, he (defendant) had been placed in such a situation that nonperformance would be a fraud upon him, the acts of plaintiff did not constitute such part performance as will take the contract out of the statute of frauds. (See par. 4 above.)

Same — Invalid Contract — Promissory Notes — Consideration Invalid in Part—Payment Enforceable as to Valid Portion.

6. A note given in aid of a contract which is invalid under the statute of frauds is without consideration and payment thereof cannot be enforced; but where only a portion of a note is given in payment of such a void contract, the remaining portion being based upon a valid consideration, payment may be enforced as to such latter portion.

---

[1] Frauds, Statute of, 27 **C. J.**, sec. 165, p. 207, n. 51; sec. 360, p. 289, n. 39; sec. 398, p. 310, n. 4.
[2] Frauds, Statute of, 27 **C. J.**, sec. 307, p. 257, n. 18; sec. 318, p. 268, n. 62.
[3] Frauds, Statute of, 27 **C. J.**, sec. 431, p. 354, n. 85 New; sec. 479, p. 385, n. 25.
[4, 5] Frauds, Statute of, 27 **C. J.**, sec. 427, p. 343, n. 96; sec. 431, p. 354, n. 85 New.
[6] Frauds, Statute of, 27 **C. J.**, sec. 401, p. 317, n. 55; sec. 404, p. 320, n. 78.

2. Check or note as memorandum satisfying statute of frauds, see note in 20 **A. L. R.** 363.
4. See 25 **R. C. L.** 259.
6. See 25 **R. C. L.** 694.

*Appeal from District Court, Powder River County; S. D. McKinnon, Judge.*

ACTION by Robert Eccles against Luther W. Kendrick. From a judgment for defendant, plaintiff appeals. Affirmed in part and reversed in part, and remanded with directions.

*Mr. Rudolph Nelstead,* for Appellant, submitted a brief and argued the cause orally.

*Mr. D. L. O'Hern,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

Plaintiff brought this action to secure the cancellation of a $2,500 note and a chattel mortgage given to secure payment of the same, executed and delivered by him to the defendant on March 19, 1923.

The material facts, as shown by the pleadings and the testimony introduced at the trial, are substantially as follows: By an arrangement entered into about May 5, 1919, plaintiff agreed to sell to the defendant and the defendant agreed to purchase from him 120 acres of land located in Powder River county, consisting of one 80-acre tract and one 40-acre tract, at $20 per acre, and on that day the defendant paid to the plaintiff $500 on the purchase price. About July 17, 1919, the defendant requested plaintiff to convey to him the land which he had purchased, whereupon plaintiff advised him that he could at that time only convey to him the 80-acre tract, but that he would be able to convey the 40-acre tract in a short time by a good and sufficient deed. Thereupon the defendant paid to the plaintiff an additional sum of $1,200 by check and also turned over to plaintiff a promissory note for $100 signed by one Haney, which plaintiff accepted as a cash payment, making a total payment at that time of $1,300, and thereupon plaintiff executed and delivered to defendant a warranty deed

conveying to him the 80-acre tract.  The defendant thereafter
took possession of the entire 120 acres, built a house and made
other improvements thereon, and remained in actual possession
thereof down to the month of March, 1923, using the same for
general farming purposes.  In the winter of 1919–20 the de-
fendant leased to the plaintiff a portion of the above-mentioned
tract and other lands for pasture at the agreed price of $500.
Defendant had demanded payment of this sum from plaintiff,
but the same had not been paid before the nineteenth day of
March, 1923.  Prior to the last-mentioned date plaintiff had
not perfected his title so as to enable him to convey the 40-
acre tract to defendant, and on that date defendant demanded
of plaintiff that he pay back to him the $1,800 which had
been paid on the purchase price of both tracts, and in addition
thereto the $500 due to him for pasture, and a further sum of
$200 on account of improvements, which he had made on the
land conveyed, by his labor, making a total of $2,500.  The
note and mortgage in question were executed at that time.

The plaintiff's theory of the case as set out in his complaint
is that the note and mortgage in question were executed and
delivered by him to the defendant pursuant to a mutual, con-
temporaneous, dependent agreement, made at that time; that
the same constituted merely security to the defendant for any
loss he might sustain by reason of the plaintiff's failure to
obtain title to the 40-acre tract in the event he should not be
able to perfect his title to the same, and with the further agree-
ment and understanding that when he had perfected his title
and had conveyed the same to the defendant, the note should
be returned to him, and that the defendant should cancel the
mortgage of record; that thereafter, in 1924, his title to said
40-acre tract was perfected and he thereupon executed and
tendered to the defendant a warranty deed for the same, which
the defendant refused to accept, and he prays in his complaint
that the note may be ordered surrendered to him for cancella-
tion and that the defendant be ordered to satisfy, release and
cancel of record the chattel mortgage given to secure the same.

In his answer the defendant admits the transaction relating to the sale of the real estate to him by the plaintiff, but alleges as a defense that the plaintiff, having failed to perfect his title to the 40-acre tract on March 19, 1923, agreed that he would take back the 120 acres of land involved in the deal and would repay to the defendant the money which he had paid on the purchase price, together with the other items, making up the, total of $2,500, in which amount, he alleges, the plaintiff became indebted to him on that date, and that as evidence of this indebtedness from the plaintiff thus created, the note and mortgage in question were executed and delivered to him as security. The allegation of the answer in reference to this agreement is, "It was agreed by and between the plaintiff and defendant that the plaintiff should take back the land and should repay to defendant" the sum of $2,500 evidenced by the promissory note.

Plaintiff perfected his title to the 40-acre tract in December, 1924, and subsequently, on January 10, 1925, executed a warranty deed conveying the same to the defendant, which he caused to be recorded in the proper office on February 16, 1925. Under date of April 21, 1925, this deed was forwarded to the defendant by registered mail at his postoffice address, Biddle, Montana, by plaintiff's counsel, residing at Miles City. The registered letter reached Biddle on April 25, 1925, and was tendered to the defendant by the postmistress on April 30, 1925, and he refused to accept it. On March 28, 1925, the defendant executed two quitclaim deeds covering the two tracts in question, conveying the same to plaintiff, which was thereupon forwarded to him by mail. The plaintiff received these two deeds, but caused them to be returned to the defendant by registered mail under date of April 21, 1925, but the defendant refused to accept the same when tendered to him at the postoffice, and they were returned to the plaintiff. At the trial the plaintiff again tendered to defendant the warranty deed for the 40-acre tract, which tender was refused. On March 19, 1923, after the execution and delivery of the note

and chattel mortgage, the plaintiff and defendant went to the assessor's office and had the land changed on the assessment list of the county from the name of the defendant to the name of the plaintiff, and during the years 1923 and 1924 the plaintiff returned said lands on his assessment list and paid a portion of the taxes thereon.

By appropriate allegations in his answer the defendant alleged as a counterclaim that the note was past due and unpaid, and prayed for judgment for the amount thereof and for a foreclosure of the chattel mortgage.

Issue was joined upon the affirmative allegations of the answer, and the case was tried before the court without a jury. The court found the issues against the plaintiff and entered judgment in favor of the defendant for the amount of the note and for a foreclosure of the chattel mortgage, in accordance with the prayer of the counterclaim. From this judgment the plaintiff has appealed.

While there are eleven specifications of error, they all relate [1] to but one contention, namely, that the court erred in granting affirmative relief to the defendant on the promissory note involved, in so far as the same is evidence of the consideration to be paid by the plaintiff to the defendant for the transfer or reconveyance of the real estate by the defendant to the plaintiff, for the reason that the granting of such relief constituted in fact the enforcement of an oral contract for the transfer of real property, and that the same was not enforceable because it failed to comply with the statute of frauds, in that (1) it was not evidenced by a conveyance or instrument in writing subscribed by the party granting the same, (2) that there was no note or memorandum thereof in writing subscribed by the party to be charged, and (3) that there was no part performance of the oral contract sufficient to take the same out of the operation of the statute.

In a memorandum filed with the findings of fact and conclusions of law the judge of the trial court said: "It must be borne in mind, however, that the oral agreement to take back

[80 Mont. 120.]

the land was only collateral to the main agreement of the parties, to wit, the note and chattel mortgage. The note and chattel mortgage therefor, being based upon a sufficient consideration aside from any agreement within the statute of frauds, are valid, and the defendant is entitled to have the same enforced.'' We are of opinion that this conclusion of the learned judge was erroneous.

A careful consideration of the allegations of the defendant's answer and his testimony introduced in support of the same has impelled us to the conclusion that plaintiff's oral agreement to take back the land and to pay back the part of the purchase price which defendant had paid, and to secure the payment thereof by the chattel mortgage, constituted one transaction; that the agreements were mutual, dependent and that one was not collateral to the other. Since defendant had become the owner of the 80-acre tract by purchase from the plaintiff, the latter's agreement to take it back for the consideration named necessarily imported that it was to be reconveyed to him by the defendant in consideration of the payment by plaintiff of an amount equal to that which the defendant had paid on the purchase price. Whatever the verbiage used, the defendant's contention in reference to this contract in his answer and his testimony shows that in so far as the consideration of the note is represented by the agreement to take back the land, it is the consideration of a contract for a sale of real estate.

The allegation of defendant's answer as to this contract between the parties was denied by plaintiff's reply. The agreement, as alleged in the answer and testified to by defendant and as found by the court, being for the transfer of real property, is one required to be in writing and subscribed by the party to be charged under the provisions of sections 7519, 10611, and 10613, of the Revised Codes of 1921, unless some circumstance was shown to take it out of the operation of the statute. The ''party to be charged'' means the party to be charged in the particular suit. (*Harper* v. *Goldschmidt,* 156

[80 Mont. 120.]

Cal. 245, 134 Am. St. Rep. 124, 28 L. R. A. (n. s.) 689, 104 Pac. 451.)

Neither the note nor mortgage made any reference to the [2] agreement for the plaintiff's taking back of the land. A note given in connection with the sale of lands which contains no reference to the terms of the contract of sale is not a sufficient memorandum under the requirements of the statute. (*Davis* v. *Dilbeck* (Tex. Civ. App.), 232 S. W. 927; *Craig* v. *Zelian*, 137 Cal. 105, 69 Pac. 853; *McKinnon* v. *Mixon*, 128 Ala. 612, 29 South. 690; *Burriss* v. *Starr*, 165 N. C. 657, Ann. Cas. 1914D, 71, 81 S. E. 929.)

As shown by the statement of facts, in March, 1925, two [3] years after the agreement in question was entered into between plaintiff and defendant, defendant executed quitclaim deeds conveying to plaintiff all of his interest in the lands embraced in the two tracts and mailed them to the plaintiff. In connection with this transaction the court found that these deeds were received by the plaintiff and retained by him until produced in court during the trial of the cause. In this finding we think the court overlooked the testimony which shows without contradiction that said deeds, immediately after their receipt by the plaintiff, were returned to the defendant by mail, and that the defendant refused to accept or receive them or the envelope containing the same, and that this finding should have been corrected so as to conform to the facts in conformity with the plaintiff's exception thereto.

In the case of *Todd* v. *Finley*, 166 Ky. 546, 179 S. W. 455, a similar situation was presented. The defendant in the action had pleaded a compromise oral agreement by which she claimed that, in consideration of the payment to her of the purchase price and the amount she had paid on a mortgage which was involved, she had agreed to reconvey the property to the plaintiff, and in performance of this agreement had subsequently made and executed and tendered to the plaintiff a deed of the property, but the court held that as neither plaintiff nor defendant was bound by the oral contract, the subsequent tender of the deed by the defendant was not sufficient

to take the case out of the statute. The language of the court in the last-cited case is particularly applicable here and disposes of the effect of the defendant's tender of the quitclaim deeds to the plaintiff at a time long subsequent to the date of the oral agreement. "As neither plaintiff nor defendant was bound by the oral contract, the subsequent tender of a deed by the defendant was not sufficient to take the case out of the statute."

Having found that there was no writing sufficient to take [4, 5] the oral agreement out of the statute, we proceed to consider whether there was a part performance thereof by the plaintiff which will avoid it. In *McIntyre* v. *Dawes*, 71 Mont. 367, 376, 229 Pac. 846, this court said: "Part performance which will avoid the statute may consist of an act done in performance of the contract which puts the party performing it in such a situation that the nonenforcement of the agreement would be a fraud upon him." There is neither pleading nor proof in this case to the effect that the defendant suffered any detriment by reason of the contract, or that its nonperformance by the plaintiff would be a fraud upon him.

The record wholly fails to show that the plaintiff at any time after the execution of the note and mortgage went into the possession of the land involved. The fact that after the execution of these instruments the plaintiff and defendant had the land changed from the defendant's name to plaintiff's on the assessment list, and that the latter for the years 1923 and 1924 paid the taxes thereon, did not show such possession. In Brown on the Statute of Frauds (fifth edition), section 486, the author says: "If the purchaser under a parol contract omit to take possession, such acts as having the land assessed in his own name and paying taxes on it, or even cutting timber upon it, or making other transitory use of it, * * * have been held insufficient though clearly acts of ownership." (See, also, *Christy* v. *Barnhart*, 14 Pa. 260, 52 Am. Dec. 538.) The most that can be said concerning the assessment of the land in plaintiff's name and the payment of taxes thereon by him for two years is that they were acts of ownership, which alone did not amount to possession so as to constitute a part performance

[80 Mont. 120.]

which would remove the oral contract from the operation of the statute.

A note given in aid of a contract which is invalid under the [6] the statute of frauds is without consideration and cannot be enforced. (*Davis* v. *Dilbeck*, supra; *Reese* v. *Bailey*, 199 Ky. 504, 251 S. W. 633; *Ryan* v. *Dunphy*, 4 Mont. 342, 1 Pac. 710; *Perkins* v. *Allnut*, 47 Mont. 13, 130 Pac. 1.)

The court found that $500 of the amount which went in to make up the $2,500 note in controversy was, in fact, money due from the plaintiff to the defendant for rental of pasture during the winter of 1919–20. The remaining $2,000 of the note represents evidence of the consideration for the plaintiff's oral contract to take back the land, and as to this last mentioned amount the note cannot be enforced. Section 8435, Revised Codes of 1921, provides: "Absence or failure of consideration is a matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount, or otherwise."

From the foregoing considerations it is apparent that the lower court erred in entering the judgment which it did, and that the same should be modified by striking therefrom four-fifths of the amount thereof, and that the defendant is entitled to recover from the plaintiff the sum of $500 principal, together with interest thereon from the nineteenth day of March, 1923, at the rate of 10 per cent per annum, together with his costs and an attorney fee and to the foreclosure of the mortgage given to secure payment of the same.

The cause is remanded to the district court with direction to enter a judgment in favor of defendant in accordance with the foregoing directions. The plaintiff will recover from the defendant four-fifths of his costs on this appeal.

*Remanded, with directions.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, MATTHEWS and GALEN concur.

Rehearing denied October 17, 1927.