## Duncan v. Duncan et al.

(Decided June 7, 1935.)

G. W. STEPHENS for appellant.
L. G. CAMPBELL for appellees.

Opinion of the Court by Judge Thomas—Reversing.

On October 1, 1928, and for some time prior thereto, the appellee and defendant below, Emby Duncan, owned a parcel of land in McCreary county, Ky., containing about two acres, and upon which there were two small residence buildings, one located on either end of the tract and in one of which defendant and his family resided, while the other one was occupied by plaintiff and appellant, Elmer Duncan, as a tenant of defendant. On the day stated they entered into a verbal contract, whereby defendant sold to plaintiff about half the lot with the residence thereon theretofore occupied by him as a tenant, the agreed consideration being the sum of $385, $247 of which was to be paid by plaintiff to the Stearns Coal & Lumber Company which held a mortgage on the entire tract for that amount, plus $94 accumulated and unpaid interest; but the evidence heard on the trial authorizes the conclusion that the parties did not take into consideration the amount of unpaid interest in their verbal contract, since the entire consideration agreed to be paid was $385, which left $138 to be paid to defendant after deducting the amount of the mortgage agreed to be paid by plaintiff.

Immediately following that agreement, plaintiff assumed possession of the house he occupied as owner instead of as tenant of defendant. Later he made some slight improvements, consisting of the erection of some crude outbuildings built with culled lumber, and likewise inclosed one side and one end of what was formerly a porch to the house, thereby converting it into a room, and which was done with the same kind of material. He also planted on the lot he purchased about half a dozen fruit trees, but he removed an inside fence and removed the material in it off the lot, and put it upon adjoining premises inclosing a pigpen.

On November 19, 1932, four years, one month, and ten days after the verbal contract, and during which plaintiff occupied the premises thereunder, he repudiated it by filing this action in the McCreary circuit court against defendant, seeking to recover from him the amount of the mortgage that plaintiff had agreed to and did pay and also the sum of $186.86, the amount that he claimed the improvements put upon the lot by him

enhanced its value, with interest on each item. The action was filed by him upon the pleaded ground that the contract, being one for the sale of real estate and not evidenced by a writing in compliance with the provisions of our statute of frauds (Section 470 of our Statutes), was not binding upon, or enforceable by, either party. The answer of defendant admitted the verbal contract as stated by plaintiff in his petition, but denied that the alleged improvements put upon the lot by him enhanced its value in any sum. It also denied that defendant was unable to or had refused to execute a deed to the plaintiff, as the latter had averred in his petition. Another paragraph made a claim for rent during the time plaintiff occupied the premises under the verbal contract, which was averred to be of the value of $7 per month.

It was also averred in the answer that plaintiff had damaged the premises by permissive waste in the sum of $50, and that defendant on March 9, 1931, tendered to plaintiff a duly executed and acknowledged deed in accordance with the verbal contract, which he declined to accept. That pleading does not appear to have ever been responded to by plaintiff except in a qualified way, and then only in amended petitions, but which did not purport to be responsive pleadings to the answer. Plaintiff's proof tended to show that the material and the labor in the construction of the improvements referred to cost him and were of the value of the amount alleged in his petition; but his counsel failed to develop by the witnesses the correct amount of his right of recovery therefor, if any, and which was the enhanced value of the lot by reason of the improvements put thereon by him which is the true measure in such a case, the original cost thereof being entirely immaterial, except, perhaps, in so far as it might shed light on the enhancement of the value of the premises by reason thereof.

Defendant's testimony on that issue clearly showed by competent witnesses that the improvements made by plaintiff enhanced the value of the lot at the time they were made no greater than the maximum amount fixed by any of them of $50, but that, at the time of the filing of the action, and when the witnesses testified, their disrepair, as well as that sustained by the original building, had fully canceled that enhancement. Upon

final submission the court specifically enforced the contract as defendant in a way had insisted in his answer, presumably upon the two theories; (a) That defendant had not asked for a cancellation of the contract; and (b) that the tendering of the deed to plaintiff by defendant of date March 9, 1931, was a compliance with the requirement of the statute of frauds, since, under the rule frequently announced by this court, "the party to be charged," who under the statute of frauds must sign the written contract, was the vendor in one for the sale of real estate, and his tendered deed herein retroactively cured the defect in the sale contract. To reverse that judgment plaintiff prosecutes this appeal.

The text of law-writers on the subject, as well as opinions of the various courts, including this one, have indulged in much writing concerning and touching the rights of parties to a verbal contract for the sale of real estate when repudiated by either of them. Much of it is not only confusing but sometimes contradictory, growing out of the fact that statements of opinions dealing with a particular state of facts were in later cases accepted as applicable to a different state of facts. Differently stated, the apparent contradictions were and are due to the fact that the writer who made them did not comprehend the exact facts of the case being dealt with, and applied to them declared principles found in other prior cases based upon very distinguishing facts. Many, and perhaps a majority, of the courts of this country, treat and regard a verbal contract for the sale of land, contrary to the provisions of the statute of frauds of their jurisdictions, as void, and from the violations of which no enforceable rights accrue to either party; but a minority of the courts, including this one, take a different view, and treat the contract as being not void but voidable, and demand of the one who declines to perform it that he respond to equitable principles whereby the parties thereto may be placed as nearly as possible in statu quo, and which with us is: That the vendee in such a contract is entitled upon repudiation thereof, whether by himself or by his vendor, to recover from the latter the consideration, if any, that he has paid with interest from the date or dates of payment, together with a cancellation of the balance of the unpaid consideration; and also to recover from the vendor the enhanced value of the prop-

erty consequential upon any improvements made thereto or thereon by the vendee.

On the other hand, the vendor in such circumstances is entitled to recover rental from the vendee from the date of the beginning of his possession, but to be measured by legal interest on the amount agreed to be paid in the repudiated verbal contract. Such respective rights accrue to the parties in all cases where the contract as originally entered into was verbal, and it may not be thereafter cured by one of them alone executing a writing in compliance with the statute, unless the other one performs some requisite act to make the contract binding on him in its original inception, and from the beginning. Duteil v. Mullens, 192 Ky. 616, 618, 234 S. W. 192, 20 A. L. R. 361, and other cases cited in that opinion, So that the tendered deed in this case, not having been accepted by plaintiff—an act to be performed on his part before a written contract for the sale of land duly signed by the vendor becomes obligatory upon him—had no effect whatever upon the rights of the parties, and the court erred in concluding otherwise.

A recent case, very much in point and practically parallel with the instant one, is Zanone v. Tashgian, 231 Ky. 454, 21 S. W. (2d) 825, and in which the principles as hereinbefore stated, as applicable to each party to the contract, are approved and applied as we have indicated. The only difference between that case and this one is that the vendor repudiated the contract in that case, whilst the vendee repudiated it in this one. But we can discover no logical reason why the same equitable rules and principles should not apply in the case of a repudiation by the vendee as well as in one by the vendor, since the cited cases, and others referred to in them, emphatically hold without qualification that such verbal contracts may be disregarded by either party, and, when done, their rights shall be adjusted upon the principles hereinbefore announced. Applying them in this instance, the court should have adjudged plaintiff a lien upon the property for the $247 he paid in discharge of the mortgage lien thereon with interest from the respective dates of each installment payment; but no credit should have been given for the enhanced value of improvements, for the reason above stated.

The amount of the lien, however, should be credited with legal interest from the date of the verbal purchase on the $385 representing the total consideration agreed to be paid for the property, and the remainder, after deducting the credit of interest on the consideration agreed to be paid (as representing the amount of rental charges under the cases supra), should be ordered paid to plaintiff, and the balance of the purchase money, if any, should be paid to defendant, since there is an understanding between him and his mortgagee as to the payment of the unpaid interest item due on the mortgage debt. There is no proof in the record as to when or in what installments plaintiff paid the mortgage debt of the Stearns Coal & Lumber Company, and, unless the parties can agree thereon, proof should be taken on that issue and judgment rendered accordingly.

The finding of the chancellor that plaintiff had not asked for a cancellation of the contract, as well as the effect he gave thereto, is erroneous for a number of reasons, two of which are: (1) That under his theory of the case there never was an enforceable contract to be canceled, and the rights of the parties arise from the mere statement of the facts, together with a prayer for the relief to which they are entitled thereunder; and (2) because plaintiff on December 14, 1933, filed an amended petition in which he expressly said: "Comes now the plaintiff and adopts each and every allegation in the petition, and by way of amendment says that he is entitled to a rescission of the contract set out in the petition, and he pleads and relies on the Statute of Frauds in such cases made and provided."

For the reasons stated, the judgment is reversed, with directions to set it aside, and for proceedings not inconsistent with this opinion.