## Watkins et al. v. Wells.

December 17, 1946.

Rehearing denied Feb. 4, 1947.

Arthur T. Iler and Frank A. Logan for appellants.

T. O. Jones for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Reversing.

On the 14th day of May 1945, the appellee orally agreed to purchase from the appellants a house and lot for the sum of $10,000.00. The sellers agreed to accept as a part of the purchase price a house and lot owned by appellee, at an agreed value of $2500.00. Part of the balance was to be paid in cash and the remainder in six months.

On the day the agreement was made the appellee paid appellants $850.00.

On May 15, 1945, the appellee rescinded this agreement and so notified the appellants. On the same day the appellant James Watkins tendered the appellee an executed deed to the house and lot she had agreed to purchase, but was advised that appellee's decision not to carry out the agreement was final.

When appellants refused to return the $850.00 paid by appellee this suit was instituted, which resulted in a judgment against the appellants for that amount, together with interest from the date the payment was made. This appeal follows.

All parties agreed that this contract is within the statute of frauds. This being true the contract is unenforceable by any party to it. KRS 371.010.

The question presented here is whether a vendee under an agreement for the sale and purchase of prop-

erty, which does not satisfy the statute of frauds, can recover payments upon the purchase price if the vendor has not repudiated the contract but is ready and willing to perform it.

Much has been written concerning the rights of parties to a verbal contract for the sale of real estate when it is repudiated by one of them. Much of what has been written is confusing and sometimes contradictory, but, as we pointed out in Duncan v. Duncan, 259 Ky. 844, 83 S. W. 2d 485, 486, this confusion arises from the fact "That statements of opinions dealing with a particular state of facts were in later cases accepted as applicable to a different set of facts. Differently stated, the apparent contradictions were and are due to the fact that the writer who made them did not comprehend the exact facts of the case being dealt with, and applied to them declared principles found in other prior cases based upon very distinguishing facts."

To some extent this confusion exists in the opinions of this court, but an examination of the facts involved in each case aids in eliminating seeming contradictions. It must be kept in mind that, in the case under consideration here, no possession of the property was assumed by the vendee, which fact distinguishes it from the cases where possession of property is taken under an oral agreement to buy. What has been said in such cases has no application here. For a statement of the principles applicable to that type of case see Duncan v. Duncan, supra, Zanone v. Tashgian, 231 Ky. 454, 21 S. W. 2d 825, and Duteil v. Mullins, 192 Ky. 616, 234 S. W. 192, 20 A. L. R. 361.

This court has refused to permit recovery on a note given (pursuant to a parol agreement) for the purchase price of land where the vendee has not been placed in possession of the land. Edelin v. Clarkson's Ex'rs, 3 B. Mon. 31, 38 Am. Dec. 177; Curnutt v. Roberts, 11 B. Mon. 42; Hill v. Spalding, 1 Duv. 216.

We have also held that no recovery can be had on a note executed under similar circumstances even where the vendee had been placed in possession of the property. Fite v. Orr's Assignee, 1 S. W. 582, 8 Ky. Law Rep. 349. However, we are not concerned with the ap-

parent conflict in these cases because we have never recognized an analogy between that line of cases and cases where the vendor has not repudiated the contract and is ready and willing to perform it. In Rees v. Bailey, 199 Ky. 504, 251 S. W. 633, we said: "With a single exception (Burks v. Douglass, 156 Ky. 462, 161 S. W. 255), we have held, as is the nearly universal rule, that the purchaser of land under a verbal contract may not recover back money paid on the purchase price, if the vendor has not repudiated the contract and is ready, willing, and able to perform it, even though it could not be enforced against him either in law or equity. Dougherty v. Goggin, 1 J. J. Marsh. 373; Bedinger v. Whittamore, 2 J. J. Marsh. 552; Duncan v. Baird, 8 Dana 101; Lewis v. Whitnell, T. B. Mon. [190], 191; Hill v. Spalding, 1 Duv. 216. See, also. 25 R. C. L. 726, and notes to L. R A. 1916D, 468, and Ann. Cas. 1914D, 471.''

According to the great weight of authority the vendee, in a situation such as we have here, can not recover payments made on the purchase price. If the vendee shows tender of compliance on his part and a refusal of compliance on the part of the vendor, a different result obtains, but that is not the situation here.

In 55 Am. Jur., Vendor and Purchaser, Section 535, at page 927, it is said: "In nearly all jurisdictions of this country a vendee in default cannot, as a general rule, recover back the money he has paid on an executory contract. So long as the vendor is not in default and is willing and able to perform, the purchaser cannot wrongfully refuse to complete the transaction and recover what he has paid toward the purchase money. Moreover, according to the great weight of authority, this general rule applies even though the contract of sale is oral and for such reason cannot, on account of the statute of frauds, be enforced by action against the purchaser.'' See also 49 Am. Jur., Statute of Frauds, Section 564, page 870.

Under these principles we are forced to the conclusion that the appellee is not entitled to recover the $850.-00 paid at the time of the oral agreement, because the facts show without contradiction that at the time she rescinded the agreement the appellants were willing and even anxious to carry out its terms. It follows that the

judgment authorizing recovery of that sum by her is erroneous and it must be and it is reversed for proceedings consistent herewith.