## Wells v. Watkins et al.

May 14, 1948.

T. O. Jones for appellant.

Iler & Logan for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

This is a second appeal. The action was brought by appellant to recover $850.00 which she had advanced to appellees under a verbal contract for the purchase of real estate. A judgment was originally entered for appellant after a general demurrer was sustained to appellee's answer as amended. We reversed the judgment on the ground that defendant's answer as amended constituted a good defense to the action. Watkins et al. v. Wells, 303 Ky. 728, 198 S. W. 2d 662, 169 A. L. R. 185.

Upon return of the case, appellant filed an amended petition to which the Court sustained a general demurrer. This second appeal is based on the ground that the petition as amended states a good cause of action.

The pleadings of the parties are in substance as follows: Appellant alleged in her original petition that she and appellees had entered into an oral contract wherein she agreed to purchase appellees' real estate for $10,000. On the date of this verbal agreement, she advanced $850.00 in cash. Since the contract was not in writing and was unenforceable by either party (371.-010, KRS), the following day she notified appellees that she would not purchase the property.

By amended answer appellees alleged the day appellant repudiated the contract they had tendered her a deed to the property.

On the former appeal we decided that since the pleadings showed appellant, the vendee, had repudiated the contract when the vendors tendered performance, she was not entitled to recover the purchase money advanced.

On return of the case an amended petition was filed by appellant wherein she alleged in substance that actually appellees, the vendors, had first repudiated the contract. The lower Court sustained a demurrer to this amended petition, apparently on the ground that the former opinion constituted the law of the case and appellant could not allege facts inconsistent with those shown on the former appeal. We believe that the Court improperly sustained this demurrer.

Our former decision was based on the fact, shown by the pleadings then in the record, that appellant, the vendee, had rescinded the contract when the vendors were able and willing to perform. We held that in such situation the vendee was not entitled to recover back the advance payment she had made on the purchase price. We stated in that opinion, however (Watkins et al. v. Wells, 303 Ky. 728, at page 730, 198 S. W. 2d 662, at page 664):

"If the vendee shows tender of compliance on his part and a refusal of compliance on the part of the vendor, a different result obtains, * * *."

In the original petition filed by appellant, she was apparently relying upon our decision in the case of Duncan v. Duncan et al., 259 Ky. 844, 83 S. W. 2d 485, wherein we stated that under the facts there shown, it was immaterial which of the parties had first repudiated the contract. Her original petition simply stated that she notified appellees she would not purchase the property and that she had declined and refused to purchase it. By her amended petition, which is now before us, she alleges the reason why she declined to go through with the contract. This reason was that appellees had advised her they would not comply with the terms of the agreement and, therefore, they first breached and rescinded the contract.

We know of no reason why the appellant should not be permitted to allege and prove the true facts upon which she bases her claim for a refund of the purchase money advanced. Our former decision did not finally determine the merits of the case. It simply decided that on the basis of the facts as shown by the pleadings at that time, she was not entitled to recover. Since appellant had been the successful party in the trial Court, there had been no occasion to amend her petition, nor had she declined to plead further.

Under Section 134, Kentucky Civil Code of Practice, the Court is authorized to permit the amendment of pleadings in furtherance of justice. It is true the losing party on an appeal should not be allowed to change his cause of action after the case is remanded, but we are convinced appellant's amended petition does not attempt to effect such change. After the former

appeal, the case was returned to the Court for proceedings consistent with the opinion. Proceedings consistent therewith would properly be additional pleadings by the parties to reach a true issue on the merits of the controversy. In Dorton v. Ashland Oil & Refining Co., 303 Ky. 279, 197 S. W. 2d 274, we expressly recognized the right of a party in a common law action to amend his pleadings in the proper case after it has been remanded upon reversal.

It does not appear that appellant's original petition undertook to state which of the parties first repudiated the contract. In view of our former decision, that has now become one of the most important elements in the case, and appellant should be permitted to prove the facts alleged in her amended pleadings.

For the reasons stated, the judgment is reversed with directions to overrule appellees' general demurrer to appellant's amended petition, to permit the filing of such other pleadings as may be necessary or proper, and for such other proceedings as may be consistent with our former opinion and the opinion on this appeal.