## Triplett v. Knight.

February 11, 1949

Faurest & Montgomery for appellant.
Morgan & Tabb for appellee.

Opinion of the Court by Clay, Commissioner—Affirming.

Appellee brought this action to recover the sum of $787.50, being a down payment on the purchase price of land he orally agreed to buy from appellant. The case was tried in equity, and the Chancellor gave judgment for appellee.

In September 1945, appellant offered for sale a farm in two tracts. The terms were ten percent down and forty percent cash on delivery of the deed, with the balance payable over a three year period. The deed was to be delivered and possession given on December 1, 1945. Appellee successfully bid on one tract, but no memorandum of this sale was made, and the contract was unenforceable as being within the Statute of Frauds, KRS 371.010.

Appellee made the down payment of ten percent (the sum in controversy) and testified that on December 1 he was ready to pay the balance, although he did not offer to do so. Appellant did not on or before December 1 tender a deed, nor did he offer to give appellee possession of the property.

It appears appellant had entered into a written contract with one Moss to buy this farm in March of that year, and he was to pay the purchase price on or before December 1 and obtain a deed from the former owner. That deed was held in escrow at a bank, but as of December 1 it had not been delivered to appellant. The Federal Land Bank of Louisville had a mortgage lien on the farm, and this had not been released. Apparently appellant hoped to obtain the full purchase price from appellee and then pay his vendor and satisfy the mortgage lien.

The rule is well settled in this state, as in other jurisdictions, that the purchaser of land under a verbal contract may not recover back his advance on the purchase price if the vendor is ready, willing and able to perform the agreement. Watkins et al. v. Wells, 303 Ky. 728, 198, S.W.2d 662, 169 A.L.R. 185; Wells v. Watkins et al., 307 Ky. 449, 211 S.W.2d 410. On the other hand, as pointed out in the above cases, such advance or down payment may be recovered if the vendor repudiates the contract.

The only question in this case is whether or not appellant was ready, willing, and able to perform the oral contract on December 1, 1945. As of that date he did not have title to the property, and there was a mortgage lien against it. Even if appellee tendered forty percent of his purchase price at that time, it would have been but little more than half the amount appellant owed his vendor, and this would not have enabled him to consummate his purchase. If thus appears appellant not only failed to tender a good deed on December 1, but was not able to do so. In addition, he did not have possession of the property and could not deliver it on that date.

Equitable principles require that if a vendor of real estate under an oral contract of sale is to retain any part of the purchase price advanced, he must in good faith be in a position to carry out his part of the bargain. We believe there was ample evidence to support the Chancellor's finding that on or before December 1, 1945, appellant was neither ready nor able to make a deed and deliver possession. He may have been willing, but that is not enough. Under the circumstances, appellee was entitled to a return of the advance he made on the purchase price.

For the reasons stated, the judgment is affirmed.