ETTA L. SEEKINS, *Admx. vs.* WALTER F. KING.

JANUARY 28, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.   This is an action of assumpsit brought by the administratrix in Rhode Island of the estate of the late Charles A. Seekins, of Gardiner, Maine, deceased, to recover $400 paid by said Charles A. Seekins to the defendant as part payment under an executory contract for the purchase of certain real estate in the town of Cumberland in this state. The declaration contains a count in special assumpsit and the common counts. The defendant's demurrer to the special count was overruled and he duly excepted.

The case was tried before a justice of the superior court, sitting without a jury, who gave a decision for the plaintiff in the sum of $163.60. Both parties excepted to this decision. The case is now before us on their respective bills of exceptions. The plaintiff contends that she was entitled to a decision for the full sum of $400, while the defendant contends: First, that his demurrer to the special count of plaintiff's declaration should have been sustained; and second, that the decision should have been in his favor.

The evidence in this case is confined to certain exhibits and to the testimony of only one witness, the defendant

King. From a written agreement in evidence, dated September 25, 1934, signed by both Seekins and the defendant, the former agreed to buy from the latter for $1500 certain real estate in the town of Cumberland, $400 to be paid in cash, and the balance of $1100 to be secured by mortgage on that real estate. The sale was to be completed on October 30, 1934. There is no forfeiture clause in this agreement respecting the retention by the vendor of any payment that the vendee might make on account of the purchase price before the sale was consummated in case of default by the vendee.

After the payment of $400 under his agreement, Seekins brought a bill in equity in the superior court for the annulment and cancellation of the written agreement of September 25, 1934, on the ground of actual fraud. This equity cause was prosecuted to a final determination in this court by the present plaintiff following Seekins' death. *Seekins* v. *King*, 60 R. I. 112. In that cause, by our opinion of February 18, 1938, we sustained, without prejudice to the rights of either party, the decision of the trial justice denying and dismissing the bill on the ground that no actual fraud was shown.

On December 13, 1935, the defendant sold the property in question to a third party for $1500. The plaintiff commenced the instant case by writ dated December 14, 1938. What purports to be a special count in the declaration before us makes no mention whatever of any fraud, actual or implied, by the defendant. Neither does it allege that the agreement of September 25, 1934 was rescinded with defendant's consent. All it says is that "for divers reasons said agreement was never performed . . . ." The substance of this count is that since the defendant sold the property to a third person for $1500, which was the identical purchase price in the written agreement with Seekins, he was "unjustly enriched thereby" in the sum of $400, the amount that Seekins

had paid to the defendant before bringing the aforesaid bill in equity. This so-called special count amounts to nothing more than an amplified common count for money had and received. The allegations in this special count are hardly sufficient to set forth rescission of the contract as the ground for the defendant's alleged unjust enrichment. The defendant's demurrer should have been sustained.

In view of our decision on the facts in this case, it is unnecessary for us to consider any further question of pleading, as the case was later fully tried on its merits under the common counts. The plaintiff bases her right to recover from the defendant substantially on the doctrine of unjust enrichment. Her first contention is that "when the defendant chose to sell the real estate to other persons rather than to enforce any contractual rights he might have had against Mr. Seekins, the actions of the parties constituted, *in effect,* a rescission of the agreement." Her second contention is that "regardless of whether or not there was a rescission" she was entitled to recover the $400 that Seekins paid to the defendant, because the latter had sold the property for the same price, $1500, for which he had agreed to sell that property to Seekins. Her authority for both of these contentions is *Dooley* v. *Stillson,* 46 R. I. 332. We do not agree with either of these contentions, as the *Dooley* case is no authority for such propositions.

The facts in the instant case are materially different from those in the *Dooley* case. In that case the vendor of a farm with all the personal property thereon, after having received from the vendee in possession all but a proportionately small amount of the stipulated cash payment under the contract of sale, repossessed himself of all that property when the vendee was unable, because of circumstances beyond his control, to comply with the terms of the contract at the designated time. Thereafter the vendor sold the farm and the personal property to other persons without loss, if not with gain.

The *Dooley* case was before this court on the narrow and only issue of whether the trial justice erred in directing a verdict for the defendant on the ground that as a matter of law the defendant had not rescinded the contract. Upon consideration of the evidence, this court held that, as rescission of a contract may be either express or implied, the peculiar facts and circumstances in that case were not so clear and unambiguous as to warrant the trial justice in ruling , as a matter of law that a rescission had not taken place; that the evidence presented an issue of fact for the jury to determine, and that it was for them to decide whether or not, from the acts of the parties and the intention with which those acts were done, a rescission of the contract had been effected. The case was therefore remitted to the superior court for a new trial.

The opinion of the court in the *Dooley* case on the real and only issue before it ends at the top of page 339. What follows in that opinion is of an advisory nature and falls into two classifications. First, observations in general terms with relation to the unjust enrichment doctrine, which, while applicable in a proper case, is fundamentally based on the idea, as stated at page 340, that: "There is an instinctive revolt against making the vendor more than whole as a result of vendee's *misfortune* in being unable to complete his contract." (italics ours) Second, a discussion of the rule of damages applicable in a case where a defaulting vendee has been found to have a standing as plaintiff on some legal principle recognized under the above doctrine.

The *Dooley* case, when properly read, is not an authority in support of the plaintiff's position in the instant case, where there is no evidence of an express rescission and none from which a rescission can reasonably be implied. The plaintiff in this connection, again relying on the *Dooley* case, argues that the resale of the property by the defendant, more than a year after Seekins should have carried out his

contract, is sufficient in itself to establish a rescission or at least unjust enrichment. Here again the *Dooley* case does not stand for any such proposition. In the absence of circumstances clearly of an equitable character, a rescission or unjust enrichment is not proved by the mere resale of property involved in a contract which the vendee, without legal excuse, has failed to perform.

Generally speaking, a vendee, who repudiates his contract without legal excuse is not entitled to recover from the vendor money paid in part performance of an executory contract, even though the contract contain no forfeiture clause or provision for the retention by the vendor of the money so paid as liquidated damages. There are, however, certain exceptions to this general rule. One of these exceptions comes under the doctrine of unjust enrichment, which, being equitable in character, permits recovery in certain instances where a person has received from another a benefit the retention of which would be unjust under some legal principle or situation which equity has established or recognized. Another of these exceptions applies where there has been a rescission of the contract, either express or implied. Since these two exceptions are the only grounds upon which the plaintiff rests her claim in the instant case, we need not consider any other ground on which the doctrine of unjust enrichment may be applied. For a discussion of this subject see note and cases cited in 59 A. L. R. 189. See also 40 Yale Law J. 1013.

The case presented by the evidence before us is one where a vendee, after having made a payment on an executory contract, repudiates the contract without legal excuse, and then, in the face of this failure, seeks to recover the money paid by him to the vendor, who is not in default and who was able, ready and willing to perform his part of the contract not only at the time fixed by the terms of sale but for a long time thereafter. There is no evidence in this case that the

vendor was guilty of fraud, for we found that there was none in *Seekins* v. *King, supra*; or that the vendor rescinded the contract; or that the vendee's failure to fulfill the contract was due to any misfortune beyond his control that gave the vendor a benefit the retention of which was shocking to the conscience of the court.

Indeed, in his decision the trial justice says: "Now why this contract was not carried out I do not know. . . . There is not enough evidence in here for me to find out where the fault for not carrying out the contract is. For unstated reasons this contract was not carried out." It was part of the plaintiff's duty to prove circumstances that equitably entitled her to recover.

The instant case is more like the case of *McKiernan* v. *Valleau,* 23 R. I. 501, than like the case of *Dooley* v. *Stillson, supra,* upon which the plaintiff so strongly relies and which the trial justice apparently felt bound to follow in deciding the present case. In our judgment the plaintiff is not entitled to recover any amount in the circumstances before us.

For the reasons stated, the plaintiff's exception is overruled. Both of the defendant's exceptions are sustained.

The plaintiff may appear, if she shall see fit, on February 5, 1941, and show cause, if any she has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

*Kingsley L. Bennett,* for plaintiff.

*Joseph T. Witherow,* for defendant.