49 So.2d 81 (1950)
BEATTY et ux.
v.
FLANNERY.
Supreme Court of Florida, Special Division A.
December 5, 1950.
B.M. Skelton and Robert D. Towne, St. Petersburg, for appellants.
Ed W. Harris, St. Petersburg, for appellee.
ROBERTS, Justice.
The case which we review on this appeal had its origin in an action on the common counts brought by appellants, as plaintiffs, against the defendant-appellee. The plaintiffs attached to their declaration a "bill of particulars" stating that the defendant was indebted to plaintiffs for $3,000, as evidenced by a "receipt" thereto attached. The "receipt" was a form of contract for the purchase and sale of land for use by realtors, in which the defendant, a real estate broker, acknowledged receipt of the sum of $3,000 "as earnest money and in part payment on account of the purchase price" of certain property owned by Hunter R. and Louise L. Smith. The total purchase price of the property was stated to be $30,000, and it was provided that the plaintiffs, as purchasers, would pay to the Smiths the balance due under the contract, and would execute all papers necessary for the completion of the purchase, within 90 days. The contract contained the usual provision for the delivery of an abstract showing good and merchantable title, allowed the seller a reasonable time in which to remedy any defects of title, and provided further that, if the title was not remediable, the plaintiffs were entitled to a return of their "earnest money." The contract also contained a forfeiture provision, in these words: "That in case of the failure of the purchaser to make either of the payments, or any part thereof, or to perform any of the covenants on his part made or entered into, this contract shall, at the option of the Seller, be terminated and voided and the purchaser shall forfeit said earnest money; and the same shall be retained by the Seller as liquidated damages, and the escrow agent [the defendant herein] is hereby authorized by the purchaser to pay over to the Seller the said earnest money." The contract also provided that the Seller would pay the defendant, as real estate broker, for his services in negotiating the sale.
The defendant's various demurrers being overruled, he thereupon filed his pleas in which he alleged, in substance, that there had been tendered to plaintiffs a proper and valid warranty deed to the property, but that *82 plaintiffs, through their attorney, had refused to accept such deed on the ground that the title to the property was defective; that the claim that the title was defective was not true and that, "on the contrary, the abstract of title which had been submitted to the plaintiffs' said attorney did then show good and merchantable title in Hunter R. Smith and Louise L. Smith." The plaintiffs' replication denied the allegations of defendant's pleas.
The cause was considered by the trial judge on the basis of the issues made by the aforementioned pleadings and on the facts therein alleged, which were stipulated to be true except as to the conflicting allegations with respect to the defect in title. There were other stipulated facts setting forth the alleged defect, which consisted of two mortgages which plaintiffs claimed to have been improperly satisfied of record, and which we will not here further detail.
The trial judge found that "the title to the property involved was a merchantable title and that the plaintiffs' objections thereto were not justified and that the plaintiffs are not entitled to the return of their deposit. The Court further finds that the plaintiffs have forfeited the $3,000 paid as earnest money and are not entitled to recover the same from the defendant." Judgment for defendant was entered, from which judgment the plaintiffs have appealed.
The plaintiffs contend here that the trial judge erred in adjudging that the entire amount of the "earnest money" was forfeited in the absence of pleading and proof of damages, their theory being that, under the decision of this court in Pembroke v. Caudill, 160 Fla. 948, 37 So.2d 538, 6 A.L.R. 2d 1395, the provision for the forfeiture should be construed to be a provision for a penalty, and not one for "liquidated damages." The defendant contends, on the other hand, that this case is not ruled by the Pembroke case, but must be decided in accordance with the previous decisions of this court involving an action by a vendee to recover partial payments made by him under the contract. We think that the contention of the defendant must be sustained.
It is well settled that, even in the absence of such a forfeiture provision, a vendee in default is not entitled to recover from the vendor money paid in part performance of an executory contract. 44 Am.Jur., Vendor and Purchaser, Section 535, page 927; Watkins v. Wells, 303 Ky. 728, 198 S.W.2d 662, 169 A.L.R. 185; Beveridge v. West Side Const. Co., 130 App. Div. 139, 114 N.Y.S. 521; Seekins v. King, 66 R.I. 105, 17 A.2d 869, 134 A.L.R. 1060; Hansbrough v. Peck, 5 Wall. 497, 18 L.Ed. 520, cited in Realty Securities Corporation v. Johnson, 93 Fla. 46, 111 So. 532, 536.
As stated in Beveridge v. West Side Const. Co., supra, "This being, then, the well-settled rule of law that payments upon an executory contract for the sale of land may not be recovered by the vendee, if the contract has been breached by the vendee, that the vendor is entitled to retain the whole thereof, and not merely his actual damages, what effect can it have upon the legal or equitable relations of the parties that they agreed in writing for that which the law would have provided without special agreement? The statement * * * does not affect the law which so provides without agreement. The argument that so characterizing the legal right to retain these moneys as liquidated damages transformed them into penalties and forfeitures, and therefore no more than the actual damage, to be alleged and proved, can be retained, has no support." [130 App.Div. 139, 114 N.Y.S. 526.]
We recognize that there are exceptions to the general rule that a vendee in default cannot recover, but we find no such circumstances in this case. There was no intimation of fraud on the part of the vendor, nor that the vendee's failure to fulfill the contract was due to any misfortune beyond his control that gave the vendor a benefit, the retention of which was shocking to the conscience of the court. Nor is it here contended that there was a mutual rescission of the contract.
The Pembroke v. Caudill case, supra [160 Fla. 948, 37 So.2d 542], relied on by appellants, was not concerned with an attempt by a vendee in default to recover *83 a part payment, but on the contrary involved a suit by the vendor to recover from the vendee an amount stipulated therein to be liquidated damages in the event of default by the vendee. This court expressly stated that "We have made no attempt to settle certain questions which may arise under a stipulation similar to the one we have considered, in a case where a deposit of money has actually been made by the prospective purchaser for the benefit of the owner. * * * we express no opinion on the point, because we have no such issue before us." As the record in the instant case stands, we do not consider the Pembroke case to be controlling.
The other questions presented by the plaintiffs, relating to the alleged defect in the title, have been examined, and we agree with the trial judge that the objections to the title were not justified.
For the reasons stated, the judgment appealed from is
Affirmed.
ADAMS, C.J., and TERRELL and CHAPMAN, JJ., concur.