MATHEWS, Justice
(concurring specially) .
In this case it appears that the contract 'between the parties, although called a lease and designating the parties as lessors and lessees, in truth and in fact the instrument contained a valid and binding option to purchase or purchase agreement:
“The Lessors do hereby grant unto the Lessees an option to purchase the demised property at the expiration of the 24th year of the term thereof, for a purchase price of Thirty-two Thousand, Five Hundred ($32,500.00) Dollars.”
Following this grant of the option to purchase the property, the contract then provides that written notice shall be given 90 days prior to the expiration of the 24th year of the lease. Other details are then set forth. This option to purchase, of *501 course, could not be exercised unless during the 24-year period the parties designated as lessees had kept the same in full force and effect by performance and particularly the payment of $7,500 per year as called for in the instrument.
The sum of $32,500 deposited with the lessors was the identical amount which the lessees should pay upon the exercise of the option plus the $7,500 per year.
The appellant not only recognized that the instrument contained an option to purchase but in a sworn amended bill of complaint, it alleged as follows:
“Plaintiff further alleges that one of the material considerations for the execution of said lease was the clause therein whereby the lessee at the.end of the twenty-fourth year could purchase the property for the sum of $32,-500, said purchase price being in reality the retention by the lessor of the security monies deposited by the lessees at the time of the execution of the aforesaid 99-year lease, said lease being in effect a purchase of the property at the twenty-fourth year of the lease.’'
The payments made by the appellees, including the $32,500, should be considered as partial payments on the purchase price made by them under the contract, and was for the use and enjoyment of the property in the meantime.
In the case of Beatty v. Flannery, Fla., 49 So.2d 81, 82, the Court said:
“The plaintiffs contend here that the trial judge erred in adjudging that the entire amount of the ‘earnest money’ was forfeited in the absence of pleading and proof of damages, their theory being that, under the decision of this court in Pembroke v. Caudill, 160 Fla. 948, 37 So.2d 538, 6 A.L.R.2d 1395, the provision for the forfeiture should be construed to be a provision for a penalty, and not one for ‘liquidated damages.’ The defendant contends, on the other hand, that this case is not ruled by the Pembroke case, but must be decided in accordance with the previous decisions of this court involving an action by a vendee to recover partial payments made by him under the contract. We think that the contention of the defendant must be sustained.
“It is well settled that, even in the absence of such a forfeiture provision, a vendee in default is not entitled to recover from the vendor money paid in part performance of an executory contract. 44 Am.Jur., Vendor and Purchaser, Section 535, page 927; Watkins v. Wells, 303 Ky. 728, 198 S.W.2d 662, 169 A.L.R. 185; Beveridge v. West Side Const. Co., 130 App.Div. 139, 114 N.Y.S. 521; Seekins v. King, 66 R.I. 105, 17 A.2d 869, 134 A.L.R. 1060; Hansbrough v. Peck, 5 Wall. 497, 18 L.Ed. 520, cited in Realty Securities Corporation v. Johnson, 93 Fla. 46, 111 So. 532, 536.”
The decree of the Chancellor should be affirmed.
ROBERTS, J., concurs.