98 So.2d 515 (1957)
Betty Jean BAROUDI, as Curator of the Estate of Daniel D. Baroudi, Incompetent, and Daniel D. Baroudi, sometimes known as D.D. Baroudi, Incompetent, Appellants,
v.
Freeman HALES and Elizabeth J. Hales, his wife, Appellees.
No. 57-126.
District Court of Appeal of Florida. Third District.
November 19, 1957.
Rehearing Denied December 17, 1957.
Sibley & Davis, Miami Beach, for appellants.
Worley, Gautier & Dawes, Miami, for appellees.
CARROLL, CHAS., Chief Judge.
After four years of adjudicated incompetency, Daniel D. Baroudi obtained a sanity restoration by a circuit court decree. He promptly entered into a contract to purchase certain real estate. A few weeks later he showed marked signs of insanity, for which he was again adjudged incompetent. Two months thereafter, his wife Betty Jean Baroudi was appointed curator of his estate. A month later, at the time *516 specified for the closing of his land purchase contract, the incompetent and his curator defaulted.
Under the terms of the contract the down payment was to be retained as liquidated damages by the sellers on failure of the purchasers to close, and time was expressly made of the essence in the contract. Eight months later the curator offered to close the purchase. The sellers refused. The curator sued on behalf of the incompetent for specific performance, and in the alternative for return of the down payment. A decree for defendants prompted this appeal.
It is held generally that where a person is competent at the time of entering into a contract, his later incompetency will not affect the validity of the contract. Caldwell v. Hatcher, Ky., 248 S.W.2d 892; King v. Robinson, 33 Me. 114, 54 Am.Dec. 614; First Christian Church in Salem v. McReynolds, 194 Or. 68, 241 P.2d 135; Kern v. Smith, Tex.Civ.App., 164 S.W.2d 193; 28 Am.Jur. 697, Insane and Other Incompetent Persons, § 59; 44 C.J.S. Insane Persons § 112 a, p. 271.
It was brought out that the incompetent was not in a mental condition to have acted for himself in closing the deal, but that his curator was aware of the contract, and that his brother had conferred with the sellers on several occasions prior to the time of closing, requesting some modifications in the contract, which the sellers refused.
As time was made of the essence in the contract, it was not necessary for the sellers, in order to claim a default, to give the purchaser any further notice or opportunity to close, after the purchaser's nonperformance on the closing date. See Forssell v. Carter, 65 Fla. 512, 62 So. 926; Felt v. Morse, 80 Fla. 154, 85 So. 656; Realty Securities Corporation v. Johnson, 93 Fla. 46, 111 So. 532. See also, authorities collected in Annotation, 31 A.L.R.2d 8, 83-87.
Appellants have abandoned their claim for specific performance. In the opening part of the argument in their brief, appellants concede they became in default, but contend they are entitled to a return of the down payment under a rule that where the reason for nonperformance is some misfortune occurring to the purchaser, and there is a resulting benefit to the seller amounting to unjust enrichment, then notwithstanding his default a purchaser is accorded a right of action to recover his down payment. In support of this contention appellants cite Beatty v. Flannery, Fla. 1950, 49 So.2d 81; Goldfarb v. Robertson, Fla. 1955, 82 So.2d 504; Dooley v. Stillson, 46 R.I. 332, 128 A. 217, 52 A.L.R. 1505 and Seekins v. King, 66 R.I. 105, 17 A.2d 869, 134 A.L.R. 1060.
Therefore, the controlling question to be considered and determined by this court is whether the facts and circumstances of this case place the appellants in position to benefit by the rule in question.
If Baroudi's incompetence, which occurred after he entered into the contract, made him unable to perform, that fact was not shown on the record. If he had the financial ability to buy the land, his incompetence would not alter that. If he did not have the money needed to complete the purchase, his incompetence would not necessarily be the reason for inability to perform.
There was no showing in the record that Baroudi, through his curator, was unable to close at the time set for closing. On the contrary, the curator's offer, eight months later, to complete the purchase, implies ability to close.
In order to come within the rule relied on by appellants, it would be necessary to show, not only that the purchaser was adjudged incompetent, but that such incompetence operated to prevent the completion of the purchase, for reasons beyond the control of the incompetent and his curator. *517 No such showing was made on the record here.
In contending that the sellers had become unjustly enriched, appellants rely on testimony indicating a substantial increase in the value of the property. It was not shown that this increase in value occurred before the time set for the closing, which time fixed the rights of the parties.
Appellants have failed to demonstrate error on the record and for the reasons set out above the decree appealed from is affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.