139 So.2d 895 (1962)
Alberto HERRERA Y NOGUEIRA, Appellant,
v.
George J. HELKER and Mary H. Helker, His Wife, Appellees.
No. 61-562.
District Court of Appeal of Florida. Third District.
April 10, 1962.
Rehearing Denied May 1, 1962.
J.M. Flowers, Miami, for appellant.
Richard H. Hunt and Daniel Neal Heller, Miami, for appellees.
Before HORTON, CARROLL and BARKDULL, JJ.
PER CURIAM.
The appellant, defendant below, was the assignee of a contract for the sale of certain real property located in Dade County, Florida. The appellees were the fee simple owners of the property.
The appellant seeks reversal of a final decree that, inter alia, adjudicated that the contract of sale, the assignment, and extension thereof were null and void, and removed and cancelled the same of record as clouds on the title of the appellees. The counterclaim of the appellant for the return of the deposits described in the contract for sale and extension was dismissed.
*896 The appellant contends (1) that the abstract of title provided by the appellees under the terms of the contract of purchase did not show a marketable title in the appellees; (2) that no rescission of the contract had been made by the appellees prior to the institution of suit, nor had there been any prior notice of rescission of said contract given to appellant; (3) that there was a lack of equity in the appellees' complaint because of their failure to offer to place the appellant in status quo prior to a rescission of the contract; and (4) that there was no proof of actual damages assuming the appellant was in default that would warrant the forfeiture of the entire deposit under the contract.
The record here discloses that the contract of purchase was executed by the appellant's father-in-law and subsequently assigned to the appellant. A deposit of $10,000 was made at the time of the execution of the contract. By the terms of the contract, time was of the essence. The appellees were required to furnish an abstract of title to the appellant within fifteen days after the date of the contract, which abstract was to disclose a good and marketable title in the appellees. The appellant was required by the contract to object to the title in writing within fifteen days after receipt of the abstract, in which event the sellers would use reasonable diligence and were given a reasonable time within which to make the title good. In addition, the contract provided the following:
"In the event the Buyer [appellant] fails or refuses to complete the closing of this contract within the time specified, then all monies this date paid shall be retained by the Sellers as agreed and liquidated damages and thereafter each party shall be relieved of further liability under the contract."
The contract and the subsequent assignment to appellant were recorded in the public records of Dade County. The abstract of title was delivered within the required time provided by the agreement, but the appellant did not register any objections to the title within the fifteen-day period provided. An extension of the original contract to purchase was executed on the 30th of August, 1960, which, for a consideration of $5,000, extended the closing date of the transaction from August 30, 1960, to September 14, 1960. No closing took place on September 14th, but on September 16, 1960, the attorney for appellees directed a letter to the appellant, reminding the appellant that the contract, as extended, expired on September 14th, but that they, the appellees, were willing to close and would be in their attorney's office on September 22, 1960, to close the transaction and deliver a deed which, it was stated, had been executed and was then in the possession of their attorney. On September 20, 1960, counsel for appellant directed a letter to the appellees' counsel, advising the appellees and their counsel of certain claimed defects in the title. Needless to say, the transaction did not close. The appellees then brought this action to quiet their title and to nullify the effects of the recordation of the contract of sale, the extension agreement and assignment of said contract. No testimony was offered on behalf of appellant, although certain exhibits were tendered by the appellant and received in evidence.
The record clearly shows that the appellant failed to abide the terms of the contract of sale. The appellees did not seek rescission and cancellation of the contract but instead contended that the same constituted a cloud on their title by reason of its recordation and in view of the appellant's default should be cancelled.
It has long been the law of Florida that where a contract makes time of the essence, it is not necessary for the sellers, in order to claim a default, to give notice to a purchaser or opportunity to close after the purchaser's non-performance on the closing date. See Baroudi v. Hales, Fla. App. 1957, 98 So.2d 515. Likewise it is settled law that even in the absence of a forfeiture provision, a vendee in default is not entitled to recover from his vendor *897 any payment in part performance of an executory contract. There are exceptions to this rule but we find no such circumstances here that would bring this case within the exceptions. See O'Neill v. Broadview, Inc., Fla.App. 1959, 112 So.2d 280; Goldfarb v. Robertson, Fla. 1955, 82 So.2d 504; Beatty v. Flannery, Fla. 1950, 49 So.2d 81.
A further discussion of appellant's contentions would be less than enlightening since the very basis for these contentions lacks support in the record on appeal.
The learned chancellor was eminently correct in concluding as he did that the appellant had breached the contract, that the contract by its terms made time of the essence and that the contract, extension and assignment thereof, standing of record in the appellees' chain of title, constituted a cloud thereon and should be cancelled and annulled. It follows that the decree appealed should be and it is hereby affirmed.
Affirmed.