186 So.2d 491 (1966)
Walter J. WILLIAMS and Toborg E. Williams, His Wife, Petitioners,
v.
Edward F. CROUCH and Elcy L. Crouch, His Wife, Respondents.
No. 34915.
Supreme Court of Florida.
May 4, 1966.
*492 Alfred O. Shuler of Shuler & Shuler, Apalachicola, for petitioners.
Donald L. Tucker, Tallahassee, for respondents.
DREW, Justice.
We granted certiorari in this case for the purpose of reviewing the decision of the District Court of Appeal, First District, in Crouch v. Williams, reported in 179 So.2d 117, because of its alleged conflict with, among other decisions of this Court, Beatty v. Flannery[1] and Goldfarb v. Robertson,[2] holding that a vendee in default is not entitled to recover from the vendor money paid in part performance of an executory contract.
The facts are accurately delineated in the opinion of the District Court of Appeal. In such decision, that court relied principally upon Taylor v. Rawlins[3] and Stenor, Inc. v. Lester.[4] Such cases are inapposite. Here the vendees instituted an action for rescission of an executory contract to purchase real property alleging certain specified reasons therefor, all of which were determined by the trial judge adversely to the vendees. To put it another way, the trial judge found that the vendors were without fault and that the vendees were in default and had no basis for rescission. It dismissed the complaint and reinvested the vendors with possession of the premises.[5]
The District Court, in relying on Taylor v. Rawlins, supra, a case not controlling in the present factual situation, concluded that the vendors by their counterclaim sought the aid of equity and, in doing so, they must do equity by proving the actual loss or damage they sustained by reason of the contract. It reversed the judgment in part and remanded the case for the purpose of determining what portions of the sums paid should be retained by the vendors. In reaching such conclusion, the *493 decision of the District Court conflicted head-on with the Goldfarb case, supra, Nogueira v. Helker[6] and other cases. Goldfarb reaffirmed a previous decision of this Court, Beatty v. Flannery, supra, where we unequivocally held that "a purchaser in default is not entitled to recover from a vendor monies paid in part performance of an executory contract." This is the great weight of authority.[7]
There are exceptions to this rule but they need not concern us here for inherent in the decision of the trial judge is the finding that no exceptional circumstances exist which would take this case out of the general rule.
Taylor v. Rawlins, relied upon by the District Court, was a suit by a vendor to have an executory contract cancelled of record in order to clear his title. In that case, as shown in the opinion, it clearly appeared that the vendee had derived no financial benefit from the property and the vendor had not sustained any loss or damage by reason of the contract. Under such circumstances, the vendor having invoked equity was required to do equity. The factual situation was wholly different from that presented here.
Stenor, Inc. v. Lester, supra, cited by the District Court, involved liquidated damages under a lease and was not pertinent to the determination of the proposition before the District Court.
The questioned decision of the District Court is quashed with directions to reinstate the decision of the trial judge.
It is so ordered.
THORNAL, C.J., CALDWELL and ERVIN, JJ., and DURDEN, Circuit Judge, concur.
NOTES
[1] Fla. 1950, 49 So.2d 81.
[2] Fla. 1955, 82 So.2d 504.
[3] 86 Fla. 279, 97 So. 714, 35 A.L.R. 271 (1923); 90 Fla. 621, 106 So. 424 (1925).
[4] Fla. 1952, 58 So.2d 673.
[5] The vendors counterclaimed for an accounting and a decree requiring the vendees to pay such amounts as may be found to be due and at such a date to be set by the court and, in default of such payment, that all of the interest of the vendees in said property be absolutely barred and foreclosed and that such property be declared to be the property of defendants free and clear of all claims of plaintiffs. The trial court, after finding the equities with the vendors, declined to grant such relief or, as would seem to be indicated after such an accounting, order a sale of the premises. On appeal to the District Court, such action of the trial judge was not assigned as error nor is it raised in these proceedings; hence we must deal with this matter as a pure action for rescission and cancellation resulting in a favorable decree to the sellers.
[6] Fla.App. 1962, 139 So.2d 895.
[7] See the authorities cited in Goldfarb v. Robertson, supra.