PEARSON, Judge.
McAllister Enterprises, Inc., appeals from a final judgment dismissing its third complaint. The judgment was entered after the appellant declined to plead further. The first complaint sought specific performance of an oral promise to extend the time for performance of an option agreement. The second complaint was identical to the first except that it added a prayer for damages for breach of contract. The third complaint sought a determination that deposits made by the plaintiff-appellant pursuant to three written agreements for the purchase and sale of a parcel of real property owned by the defendant-appellant, McAllister Hotel, Inc., were penalties and prayed for return of these deposits. We hold that the complaints failed to state a cause of action and were properly dismissed.
The complaints for specific performance alleged that two individuals entered into a contract with McAllister Hotel, Inc., to purchase the McAllister Hotel in Miami. The contract was dated November 6, 1967. The individuals assigned the buyer’s interest in the contract to Mc-Allister Enterprises, Inc. A deposit of $25,000 was made pursuant to the contract at the time it was made, and the closing was set for November 15, 1967. The transaction was not closed on November 15, 1967. By letter dated December 1, 1967, the parties agreed that in consideration of an additional $25,000 deposit, the appellant would have the right to purchase the property no later than December 15, 1967. The transaction was not closed on December 15, 1967. On December 20, 1967, in consideration of an additional deposit *116 of $10,000, it was agreed that the closing would be held on January 8, 1968. The transaction was not closed on that date.
Thereafter, on January 18, 1968, the parties entered into a written option agreement which referred to a sale upon the terms outlined in the contract of November 6, 1967, but specified that the contract mentioned had been terminated by the buyer’s default. The appellant paid $10,000 for the option which by its terms was to expire on January 31, 1968. The appellant alleges that on January 31, 1968, the ap-pellee agreed to extend the time for exercising the option. The appellant does not allege that the appellee agreed to extend the time for exercising the option to any specific date nor does the appellant allege that it paid any consideration for the extension of the option agreement. The appellant also alleges:
“That in reliance of this extension, the plaintiff expended considerable sums of money for commitment fees and other expenses incidental to its acquisition of the subject property; that the plaintiff would not have expended such money or incurred additional expenses were it not for the extension of the right to exercise the option and acquire the subject property.”
The point on appeal directed to the dismissal of the appellant’s complaint for specific performance and damages (the second complaint) urges that although no consideration was promised or given for the extension, the oral promise was binding upon the appellee because of the principle of equitable estoppel. The trial judge correctly determined that the appellant failed to allege sufficient facts to bring itself within the purview of the principle relied upon. In South Inv. Corp v. Norton, Fla. 1952, 57 So.2d 1, the Supreme Court of Florida quoted with approval a statement of the Court of Appeals of New York[1] that the doctrine of equitable estoppel is to be applied with great caution when it is invoked for the purpose of effecting a change in title to land. The doctrine will be applied only where to refuse its application would be virtually to sanction the perpetration of fraud. Mathews v. Kings-ley, Fla.App.1958, 100 So.2d 445.
We think it is clear that the bare allegation of the expenditure of an indefinite amount of money is not sufficient to bring the appellant within the application of the exception to the rule that a contract to convey land must be in writing and must be founded upon consideration. Cf. Ratner v. Coral Television Corporation, Fla. App.1962, 139 So.2d 437.
The third amended complaint is entitled, “Complaint to Avoid Penalty and Forfeiture.” It contains no allegations about the option to purchase the hotel property. It alleges 'instead that the sums designated by the parties as liquidated damages in the event of default upon the agreements to sell were in actuality penalties and as such should be returned to the appellant. In support of this contention the appellant alleges that after its default upon the contracts, the appellee agreed to sell the property to a third party at a price which was equal to or greater than the price the appellant had agreed to pay.
The appellee moved to dismiss the complaint upon several grounds. One was that the complaint failed to state sufficient facts to state a cause of action for the return of a deposit upon an executory contract for the sale of land. Another was that the new complaint constituted a fatal departure from previous pleadings. We consider only the first ground because we hold that the trial judge correctly found that the complaint failed to state a cause of action.
In Pembroke v. Caudill, 160 Fla. 948, 37 So.2d 538, 6 A.L.R.2d 1395 (1948), and Beatty v. Flannery, Fla.1950, 49 So.2d 81, the Supreme Court of Florida outlined the *117 law regarding the right of a defaulting buyer to recover payments upon an executory contract for the sale of land. See also Haas v. Crisp Realty Co., Fla.1953, 65 So.2d 765. The appellant has failed to allege any fact which would tend to support its bare conclusion that the deposits were a penalty or forfeiture. It appears from the allegations of the complaint and the terms of the contract attached thereto that this was an ordinary case in which the seller accepted deposits in good faith and the buyer simply failed to live up to its contractual obligations. Cf. O’Neill v. Broadview, Inc., Fla.App.1959, 112 So.2d 280.
Affirmed.

. Lyon v. Morgan, 143 N.Y. 505, 38 N.E. 960.