OWEN, Judge.
The vendors under an executory contract for sale of real property brought suit against the vendees and an escrow agent[1] seeking judgment in the amount of the cash deposit which the vendees had placed with the escrow agent at the time of executing the contract. There were no allegations of any actual damages sustained by the vendors as a result of the vendees’ default, the vendors alleging simply their election (as provided in the contract) to retain the deposit in full settlement of their claims for damages. The vendees’ motion to dismss the amended complaint for its failure to state a cause of action against them was granted by the court on the authority of Pembroke v. Caudill, 1948, 160 Fla. 948, 37 So.2d 538 and upon the plaintiffs’ declining to plead further, final judgment was entered in favor of the vendees.
Whether the sum stipulated in the contract to be paid in the event of a breach will be considered as a penalty or as liquidated damages is always a question of law to be determined by the court in each particular case. Pembroke v. Caudill, supra. Here, the purchase price was $125,-000, of which $10,000 was paid as a deposit at the time the contract was executed. There are no allegations in the amended complaint nor any provisions in the con *182 tract of sale by which it can be shown that any damages which might reasonably have been expected to flow from a breach of the contract were rendered uncertain, conjectural or speculative. Any loss of profits which the vendors might sustain by virtue of the vendees’ failure to complete the transaction was definitely ascertainable in accordance with settled legal principles. The vendees had not been in actual possession of the property at anytime as possession was to be delivered only upon closing. Any broker’s commission which may have been incurred by the vendors was readily determinable without uncertainty or speculation. Thus, there being no uncertainty or difficulty of proof as to the vendors’ actual damages flowing from the vendees’ breach, there was no need for, or purpose to be served by, the parties stipulating to a sum as liquidated damages. Chace v. Johnson, 1929, 98 Fla. 118, 123 So. 519. The trial court, following the guidelines set forth in Pembroke v. Caudill, supra, simply held (at least inferentially) that the contract provided for a penalty rather than for liquidated damages. We believe this was a correct determination. Under such circumstances the vendors are confined to their actual damages. Since none were alleged the court correctly dismissed the amended complaint as to the vendees, and upon the vendors declining to plead further, the court properly entered judgment in favor of the vendees.
Appellants rely strongly upon Beatty v. Flannery, Fla.1950, 49 So.2d 81, which is a leading case in this jurisdiction for the general principle that, subject to certain exceptions, a vendee in default is not entitled to recover from a vendor money paid in part performance of an executory contract. The general principle has been recognized and applied in numerous cases[2] and certain well-recognized exceptions to this general principle have been applied to permit the vendee relief in certain cases.[3] But neither the Beatty case nor any of those which have applied the Beatty principle have any application here. All of those cases involved a defaulting vendee seeking to recover a deposit paid to a vendor. In the instant case, notwithstanding the language of the forfeiture clause of the contract, not only did the vendors not have custody or control of the deposit, but also the vendees were somehow successful in prevailing upon the escrow agent to return the deposit to them. Thus, instead of a Beatty factual situation, we have a Pembroke factual situation. It cannot be denied that the distinction appears to place in more advantageous position the vendor who obtains custody of the deposit than one who does not. Be that as it may, neither the Beatty line of cases nor the Pembroke holding deprive a vendor from seeking damages actually sustained as a consequence of the vendees’ breach of the execu-tory contract.
The vendors in this case had that right. They chose instead to claim forfeiture of the deposit which the court determined as a question of law to be a penalty and not enforceable. We find no error in this determination.
Affirmed.
REED, J., concurs.
WALDEN, J., dissents, with opinion.

. Count II of the Amended Complaint was against the escrow agent for its wrongful return of the deposit to the vendees, and is not involved in this appeal.

. Williams v. Crouch, Fla.1966, 186 So.2d 491; Lewis v. Belknap, Fla.1957, 96 So.2d 212; McAllister Enterprises, Inc. v. McAllister Hotel, Inc., Fla.App.1969, 219 So.2d 114; Herrera Y Nogueira v. Helker, Fla.App.1962, 139 So.2d 895; O’Neill v. Broadview, Inc., Fla.App.1959, 112 So.2d 280; Baroudi v. Hales, Fla.App.1957, 98 So.2d 515.

. Haas v. Crisp Realty Co., Fla.1953, 65 So.2d 765; Paradis v. Second Avenue Used Car Company, Fla.1952, 61 So.2d 919.