PER CURIAM.
Plaintiff-appellee Van Brode (“Buyer”) sued defendant-appellant Satchell (“Seller”) for return of a $500.00 earnest money deposit on a written purchase-sale agreement for a residence owned by the Seller for $28,000.00. The Seller counterclaimed for damages for breach of the agreement. A final judgment in a non-jury trial awarded the Buyer his $500.00 earnest money deposit and denied recovery on the Seller’s counterclaim.
The contract, which was not drafted by an attorney, contained no provisions for what was to be the disposition of the deposit in the event of a breach.
The instant appeal presents the following threshold question: Where a contract for the purchase of real property fails to contain a liquidated damages provision, may the defaulting purchaser recover his $500.00 earnest money deposit? We express the view that the' case is governed by the following rule, which is stated in Beatty v. Flannery, Fla. 1950, 49 So.2d 81, 82:
“It is well settled that, even in the absence of such a forfeiture provision, a vendee in default is hot entitled to recover from the vendor money paid in part performance of an executory contract.” (Citations omitted.)
Accord: Haas v. Crisp Realty Co., Fla. 1953, 65 So.2d 765, 768-769. We note that there are exceptions to the rule quoted, and they are adequately discussed in the cases cited; the exceptions do not apply here.
The appellant Seller contends that an adverse judgment on his counterclaim is erroneous. Here, the court sat without a jury and determined the facts, and his findings are clothed with a presumption of correctness. Reversible error not having been demonstrated, that portion of the final judgment is affirmed.
For the reasons stated, that portion of the final judgment awarding $500.00 to the plaintiff-appellee Van Brode, the buyer, is reversed.
Reversed in part and affirmed in part.