256 So.2d 539 (1972)
BEEKAY REALTY CORP., a Florida Corporation, et al., Appellants,
v.
Jack CAYRE and Grace Cayre, His Wife, Appellees.
No. 71-586.
District Court of Appeal of Florida, Third District.
January 11, 1972.
Rehearing Denied February 2, 1972.
Fuller & Feingold, Miami Beach, for appellants.
Mac Mermell and Michael P. Chase, Miami, for appellees.
Before SWANN, C.J., and CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
Defendants, Beekay Realty Corporation, Maxwell Sayet and Reta Sayet, his wife, appeal from a final judgment of $10,000 rendered for plaintiffs, Jack Cayre and Grace Cayre, his wife.
Plaintiff, Jack Cayre, executed a deposit receipt agreement for the purchase of certain real property from the Sayets on January 20, 1970. It contained the following pertinent language:
"... This contract is subject to purchaser being able to qualify for and secure a mortgage in the minimum amount of $35,000.00 with interest not to exceed 8 1/2%. Contract to secure said mortgage; otherwise, this contract shall become null and void and earnest money deposit shall be returned immediately to purchaser... ."
The purchasers deposited $10,000.00 with the broker. The deposit agreement also contained language providing the deposit money would be retained by the sellers as damages in the event of a default and the *540 purchaser would be liable to the broker for a real estate commission.
The purchaser did not secure a mortgage within ten days from January 20, 1971 and subsequently filed suit seeking recovery of the deposit of $10,000.00. After final hearing the trial court rendered judgment for plaintiffs for $10,000.00 and defendants have appealed.
The essential question to be decided on appeal is whether there is sufficient, competent evidence to sustain the judgment for plaintiffs in the sum of $10,000.00. In other words, is there sufficient, competent evidence to sustain a finding that plaintiffs made a reasonable bona fide effort to secure the mortgage within ten days from January 20, 1970, in accordance with the terms and conditions of the deposit receipt agreement.
The record indicates that Jack Cayre submitted a loan application to Chase Federal Savings & Loan Association on January 21, 1970 for a loan of $40,000.00. By letter dated February 16, 1970, Chase notified Cayre that it was unable "at this time to approve a mortgage loan on the above described property due to the lack of confirmed information in your file." The testimony of a bank officer was that they did not actually turn down the application for a loan but that it was not approved due to lack of confirmed financial information in the file of plaintiff, Jack Cayre.
Thus, Cayre did not submit a loan application for $35,000.00, as required by the agreement but submitted a loan application for $40,000.00 to Chase. He did not thereafter provide Chase with sufficient information concerning the loan application and as a result Chase was unable to approve the mortgage as of February 16, 1970. This was some time after the date upon which Cayre was obligated to secure the mortgage.
There was no evidence that plaintiffs submitted any loan application to Miami Beach Federal Savings & Loan Association. There is, in the record on appeal, a letter from Miami Beach Federal, dated March 2, 1970, which stated that Miami Beach Federal was unable to assist Cayre in the financing of this property. This letter also contained the following words: "P.S. Your original inquiry was on January 27, 1970."
There was testimony from the secretary who typed the letter for Miami Beach Federal that she did not add the postscript; that she never added postscripts to letters but instead retyped them to include such information in the body of the letter. A file copy of the letter, which was in the possession of the bank, was admitted into evidence and it did not contain a postscript.
Assuming arguendo, that the postscript was on the original letter of March 2, 1970, we take the view that an inquiry to Miami Beach Federal on January 27, 1970, concerning financing of the subject property does not amount to a good faith bona fide attempt to actually secure a mortgage from Miami Beach Federal within ten days from January 20, 1970.
This is the only evidence of plaintiff's attempt to comply with the terms and conditions of the written agreement.
We, therefore, hold that there is insufficient, competent substantial evidence to uphold a determination that plaintiffs made a reasonable good faith bona fide attempt to secure a $35,000.00 loan with interest not to exceed 8 1/2% within 10 days from January 20, 1970. See Stabile v. McCarthy, 336 Mass. 399, 145 N.E.2d 821, and Brewster v. Yockey, La. App. 1963, 153 So.2d 489.
The final judgment herein appealed is reversed and the cause remanded with instructions to render judgment for the defendants.