PER CURIAM.
Appellant-plaintiff Newton J. Mulford (“Buyer”) seeks review of a final judgment entered in a non-jury trial. Suit was brought to recover the $15,000 deposited for the purchase and sale of realty improved with rental units for a price of about $560,000. Appellee-defendant Knight Center, Inc. (“Seller”) and appellee-de-fendant law firm (“Escrow Agents”) prevailed in the trial court.
Essentially, the parties contest the question as to who breached the contract for the sale. The buyer relies upon two defects in seller’s title. The seller asserts that the defects were not objected to prior or at the time of closing, and that one is illusory and the other frivolous.
The trial judge heard the testimony and examined the relevant documents. He resolved the contested factual issues present *463 ed against the appellant. From our examination of the record we find sufficient competent evidence to sustain the judgment.
“It is settled law that even in the absence of a forfeiture provision, a vendee in default is not entitled to recover from his vendor any payment in part performance of an executory contract. There are exceptions to this rule but we find no such circumstances here that would bring this case within the exceptions.” [Footnotes omitted.] Herrera y Nogueira v. Helker, Fla.App.1962, 139 So.2d 895, 896-897; see also: Ferre Florida Corporation v. B & B Auto Parks, Inc., Fla.App.1971, 254 So.2d 795, 797.
We have considered all points presented in the light of the record, briefs, and arguments of counsel and have concluded that no reversible error has been made to appear. Therefore the judgment appealed is affirmed.
Affirmed.