BARKDULL, Chief Judge.
By this appeal the defendant in the trial court seeks review of an adverse final judgment. The appellee, as purchaser, and the appellant, as seller, entered into an agreement for the purchase and sale of real property. A $20,000.00 deposit was put up in accordance with the agreement with a third party. When it became apparent that the contract would not be closed within the time provided, the parties modified the original written agreement by subsequent letter, calling for the transfer of the $20,000.00 deposit to the seller and providing certain other conditions, the principal one being that the purchaser would secure certain financing.
Thereafter, both prior to the date set for closing in the amended agreement and subsequent thereto, an executive of the selling concern attempted to assist the purchaser in securing the financing. To this end, he took from the purchaser certain documents, including proposed plans for development of the unimproved property [which was the subject matter of the contract]. Ostensibly, he took these plans for the purpose of consulting with the architect for the seller. At no time did those persons representing the seller indicate that they considered any of the contracts or extensions thereof in default. To the contrary, by the actions of the representatives of the *270 seller they were attempting to assist the purchaser in closing the matter and, in fact, by removing from the possession of the purchaser the plans and other papers pertaining to the proposed improvement, they prevented the purchaser from even attempting to obtain financing because it was without the documents to show to any prospective lender what it intended to build. Upon the purchaser seeking to secure the return of its plans, it was notified that the seller had sold the property to another, the seller refused to return the $20,000.00 deposit, and the instant action ensued. Judgment was for the plaintiff and this appeal ensued. We affirm.
Ordinarily, a purchaser in default cannot recover a deposit. Beatty v. Flannery, Fla.1950, 49 So.2d 81; Williams v. Crouch, Fla.1966, 186 So.2d 491; Satchell v. Van Brode, Fla.App.1971, 248 So.2d 245. And, where time is of the essence in a contract, no notice of default is required. Baroudi v. Hales, Fla.App. 1957, 98 So.2d 515; Herrera Y Nogueira v. Helker, Fla.App.1962, 139 So.2d 895. However, there are exceptions to this rule. Beatty v. Flannery, supra; Goldfarb v. Robertson, Fla. 1955, 82 So.2d 504; Baroudi v. Hales, supra; Williams v. Crouch, supra. The trial judge found, and we agree, that the actions of the agent of the seller were such as to warrant the finding that the seller was not entitled to forfeit the deposit without giving the purchaser a reasonable opportunity to close the transaction. Chabot v. Winter Park Company, 34 Fla. 258, 15 So. 756; Asia v. Hiser, 38 Fla. 71, 20 So. 796; Felt v. Morse, 80 Fla. 154, 85 So. 656; 33 Fla.Jur., Vendor and Purchaser, § 54. This is particularly true in light of the fact that, by taking the proposed plans and specifications from the purchaser, the seller prevented the purchaser from seeking the adequate financing to close the transaction.
Therefore, the judgment here under review be and the same is hereby affirmed.
Affirmed.