RAWLS, Chief Judge
(concurring in part; dissenting in part).
The trial court in its amended final judgment correctly stated: “In any contract where liquidated damages are provided, the courts have held that such a provision is not conclusive in and of itself but rather the courts will look at ‘the nature of the contract, the terms and purposes of the whole instrument, the natural and ordinary consequences attending each case, to determine its real character and purpose.’ Pembroke v. Caudill [Fla.], 37 So.2d 538 (1948). Paradis v. Second Avenue Used Car Co. [Fla.], 61 So.2d 919 (1952). Also while it is well settled that monies paid in part performance to a vendor of an executory contract may not be recovered by a vendee in default, there are recognized exceptions which take the case out of the general rule. Williams v. Crouch [Fla.], 186 So.2d 491 (1966), Beatty v. Flannery [Fla.], 49 So.2d 81 (1950).”
I have no quarrel with the above quoted well settled principles of law; however, I part company with the trial court and the majority of this court in applying same to the facts as reflected by this record. Kloeppel, on the 14th day of September, 1971, in consideration of the sum of $3,000.00 agreed to enter into an agreement to lease the Mayflower Hotel building and garage together with all equipment and furnishings for a period of thirteen months beginning September_, 1971. The lease which was to be executed by the parties was attached to the agreement, and subject only to questions of title and survey which questions are not now material. The agreed upon lease called for a total rental of $60,000.00 for the 13-month term with $20,000.00 to be paid upon the execution of same. In addition, the proposed lease granted to May-Jax “. . . the right and option to purchase the demised premises for the sum of six hundred seventy-five thousand dollars ... at any time during the period of this lease.” In consideration of additional time, May-Jax paid Kloeppel an additional $7,000.00 with the understanding that this deposit would be applied to the $20,000.00 lease payment mentioned above. On October 19, 1971, May-Jax advised Kloeppel that survey had been made reflecting an encroachment on the northerly boundary and accordingly the investors, with advice of their counsel located in Philadelphia, Pennsylvania, determined not to go through with the transaction.[1]
The trial court and the majority of this court have rightfully concluded that May-Jax wrongfully breached its agreement. The record is undisputed that Kloeppel was deprived of its property for more than* a month and was deprived of negotiating with any other lessors or potential purchasers for this period of time. It is my view, *447 taking into consideration that real and personal property of a value of $675,000.00 was “tied up” for more than a month, that the sum of $10,000.00 paid in part performance to Kloeppel, the vendor of an execu-tory contract, may not be recovered the defaulting vendee, May-Jax, Inc. Williams v. Crouch, supra.
I would affirm the trial court as to May-Jax’s default; however, I am impelled to dissent as to the apportionment of the security deposit.

. The trial court found in its final judgment: “The Plaintiff asserts the survey shows an encroachment of 13 hundredths of a foot by the hotel building on an adjoining lot, however, the court finds no encroachment to exist within the terms of this agreement.”