301 So.2d 106 (1974)
C.O. CONDOMINIUMS, INC., Appellant,
v.
Patrick H. DICKINSON, Appellee.
No. 73-939.
District Court of Appeal of Florida, Second District.
October 9, 1974.
*107 Stephen W. Stottlemyer, Kirk, Pinkerton, Sparrow, McClelland & Savary, Sarasota, for appellant.
Donald P. Greiwe, Dart, Dickinson, O'Riorden, Gibbons & Quale, Sarasota, for appellee.
GRIMES, Judge.
Appellee (purchaser) filed a suit alleging the execution of two deposit receipt contracts where by appellant (seller) agreed to sell to the purchaser two condominium apartments priced respectively at $20,400 and $20,100. Each contract acknowledged receipt of a $100 deposit from the purchaser and provided that the balance of the down payment of $1,940, in the case of one contract, and $2,010, in the case of the other, was "due and payable upon Palmer Bank's first construction payment." The remainder of the purchase price was to be paid upon the completion of the building. The contract specified that if the purchaser failed or refused to close the transaction, the seller might, at its option, "retain the amount of the binder paid upon execution of this contract as liquidated damages."
According to the complaint, the purchaser paid the seller the binders and the balance of the down payments. Thereafter, the seller advised the purchaser that the rest of the purchase price for both units was due by June 8, 1970. On that date, the purchaser told the seller that he would not accept title to the apartments. The seller refused the purchaser's demand to return all monies previously paid, except the binder. The complaint further alleges that on July 7, 1970, and October 17, 1970, the seller conveyed to others the two apartments in question for a purchase price of $23,500 each.
The purchaser demanded judgment in the amount of $3,950, representing the total of the two down payment balances, plus interest and costs. The seller filed an answer admitting the facts set forth in the complaint and counterclaimed for the right to retain the $3,950. At final hearing, rather than submitting any testimony, the parties submitted the case for adjudication upon the admitted facts reflected in the complaint and the answer. Thereupon, the court rendered judgment in favor of the plaintiff for $3,950 plus costs, but denied the recovery of interest.
We are persuaded to affirm for two reasons. First, the language of the contract does not suggest that the parties intended the balance of the down payment to be forfeited upon the purchaser's default. While the failure to designate such balance as liquidated damages may not have been fatal,[1] the language of this contract actually *108 mitigated against the contention when it designated as a binder the $100 deposit paid upon execution of the contract and provided that in the event of default, the seller could, at its option, retain the binder as liquidated damages.
Second, the seller made no effort to show it had suffered a loss because of the purchaser's default. In fact, it was admitted that within a very short time the seller was able to resell the units for a substantially higher price. The case is similar in many respects to Paradis v. Second Avenue Used Car Co., Fla. 1952, 61 So.2d 919. There, a contract vendee sought the return of $4,000 earnest money deposited upon execution of the contract, even though he was in default for failing to close the purchase. The contract provided that should the vendee fail to close, the deposit would be retained as liquidated damages. The Supreme Court held that the burden was on the vendors to prove the damages suffered by reason of the breach of the contract. Since the vendors did not claim they suffered any damages, the court affirmed the chancellor in ordering the return of the deposit. Satchell v. Van Brode, Fla.App.3rd, 1971, 248 So.2d 245, can be distinguished because the earnest money deposit forfeited in that case was so small as to make an unjust enrichment contention de minimis.
In a cross-appeal, the purchaser complains of the court's refusal to award him interest on the deposit money. Yet, in Paradis, even though the refund of the deposit was approved, the Supreme Court reversed the chancellor for having ordered the vendors to pay interest on the deposit. This is a fair result. The purchaser is not getting his money back because he is entitled to any special consideration, but only because it developed that the seller was not harmed by his default.
The judgment is affirmed.
McNULTY, C.J., and MANN (Ret.), J., concur.
NOTES
[1] Beatty v. Flannery, Fla. 1950, 49 So.2d 81.