DELL, Judge.
Appellee filed her complaint seeking foreclosure of a mortgage on appellants’ home. Appellants raised failure of consideration as an affirmative defense, and also as the basis for their counterclaim to quiet title. The trial court found in favor of appellee, and entered judgment of foreclosure against appellants in the amount of the note plus interest and costs.
*328 This foreclosure action arises out of the purchase and sale of appellee’s hairdressing business to the appellants. Appellee offered her business for sale at the price of $22,000. Appellants accepted appellee’s offer, and appellee accepted as a down payment appellants’ note in the amount of $6,000 and a mortgage on their home. Ap-pellee, at appellants’ request, wrote a letter which provided:
This letter is to indicate the undersigns [sic] intent to sell the business conducted by the undersigned known as “Hair Associates” located at 1218 South Dixie, Lake Worth, Florida, to you for a sale price of $16,000 payable at closing which shall take place as soon as you have secured financing but in any event no later than June 1, 1978.
Appellants used the letter to facilitate an application for a Small Business Administration (SBA) loan. Although appellants applied for a loan in the amount of $18,000, the SBA approved only a $16,000 loan and required appellants to provide the extra $2,000 for working capital. To raise this working capital, appellants found a buyer for their home. Appellants requested a release of the mortgage when a title search revealed that appellee had recorded her mortgage. The record is silent as to any offer by appellants to pay the note and mortgage out of the proceeds of the sale, any offer to transfer the mortgage either to the business property or to the home they intended to purchase, or to satisfy the debt. Appellee refused to release the mortgage.
Although the exact sequence of events is unclear, it appears that after appellants attempted to sell their home, they continued to assure appellee that they would be able to obtain financing and that they were just waiting for the papers to be finalized. On the strength of these assurances appel-lee postponed closing. Finally, in November, appellee called the SBA and discovered that the SBA was actually holding a check for $16,000 for appellants. The sale never closed.
Appellants contend that the failure of the sale to close constituted a failure of consideration for the note and mortgage.
The record adequately supports the trial court’s judgment of foreclosure. Appellants argue that the note and mortgage were part of the purchase price and therefore when the transaction failed to close, the note should have been cancelled and the mortgage released. The record, however, amply demonstrates that the note and mortgage were given as a down payment for the business and that because of the down payment, appellee made no effort to sell the business to anyone else.
It is well settled that, even in the absence of ... a forfeiture provision, a vendee in default is not entitled to recover from the vendor money paid in part performance of an executory contract.
Beatty v. Flannery, 49 So.2d 81, 82 (Fla.1950). See also, Hughes v. Palmer, 103 Fla. 91, 137 So. 9 (1931); Cf. Mayer v. First Nat. Co. of Sarasota, 99 Fla. 173, 125 So. 909 (1930). A buyer cannot maintain an action against his seller for breach without a showing of performance or tender of performance, unless such performance has been excused. Slaughter v. Barnett, 114 Fla. 352, 154 So. 134 (1934). Where the buyer alleges that the contract is contingent on financing, the buyer must demonstrate his own good faith effort to obtain financing before he may recover his deposit. Beekay Realty Corp. v. Cayre, 256 So.2d 539 (Fla.3d DCA 1972). When the contracts do not provide for disposition of a down payment, a purchaser in default may not recover the amount paid on the executory contract, absent certain exceptions. Satchell v. Van Brode, 248 So.2d 245 (Fla.3d DCA 1971), citing Beatty v. Flannery, supra. One of the exceptions noted in Beatty is the inability without fault to fulfill the conditions of the contract. Appellants failed to demonstrate such inability.
We are not inclined to apply a different rule simply because the buyers elected to make their down payment by negotiable instrument secured by mortgage. Although the result in this case appears harsh, we cannot ignore the fact that appellants had qualified for the loan and apparently *329 had the means to close this transaction. See Home Owners’ Loan Corp. v. Wilkes, 130 Fla. 492, 178 So. 161 (Fla.1938). The trial court resolved the issues raised by the complaint, affirmative defenses and counterclaim in favor of appellee. We find substantial competent evidence to support that judgment. We may not re weigh and reevaluate evidence considered by the trier of fact. Helman v. Seaboard Coast Line Railroad, 349 So.2d 1187 (Fla.1977). The judgment is affirmed.
AFFIRMED.
GLICKSTEIN and HURLEY, JJ., concur.