517 So.2d 42 (1987)
Lee P. JOHNSON, Katherine R. Johnson, and Earl N. Jaeck, Appellants,
v.
Alan WORTZEL, Marvin Gralnick and Helene Gralnick, Appellees.
No. 86-1476.
District Court of Appeal of Florida, Third District.
December 1, 1987.
Rehearing Denied January 22, 1988.
Paul Morris, Gary R. Siegel, Coral Gables, for appellants Johnson.
Amato & Anderson and Louis X. Amato, Naples, for appellant Jaeck.
Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey and J. Michael Nifong and Roland C. Goss, Miami, for appellees.
Before HUBBART, NESBITT and JORGENSON, JJ.
PER CURIAM.
The parties entered into an executory contract for the sale of real estate in Marathon, Florida, at a purchase price of $1,900,000. After many months of negotiations and modifications to the contract, the parties closed in escrow, but Wortzel never executed nor delivered the purchase money mortgage. Johnson retook possession of the property and declined to return any of the items of consideration already received, whereupon Wortzel sought damages for fraud, breach of contract, conversion, civil theft, and unjust enrichment, and requested specific performance. Johnson counterclaimed, seeking damages for fraud and conversion and attempting to establish and enforce an equitable mortgage. After presenting testimony, the parties moved for a directed verdict. The trial court *43 granted Johnson's motion as to the claims for fraud, breach of contract, conversion, and civil theft. It granted Wortzel's motion as to all counts in Johnson's counter-claim. The trial court denied specific performance and entered final judgment for Wortzel on his equitable claim of unjust enrichment.
The law in Florida is clear that a buyer in default is not entitled to recover from the seller money paid in part performance of an executory contract, even absent a forfeiture provision in the contract. Beatty v. Flannery, 49 So.2d 81 (Fla. 1950). See also Goldfarb v. Robertson, 82 So.2d 504 (Fla. 1955); Herrera Y Nogueira v. Helker, 139 So.2d 895 (Fla. 3d DCA 1962). Although a buyer in default may be heard in equity and be relieved of forfeiture if it appears unconscionable in light of circumstances existing at the time of breach, Hutchison v. Tompkins, 259 So.2d 129 (Fla. 1972), there must be circumstances sufficient to constitute an exception to the general rule requiring forfeiture of sums paid to the seller. We find that Beatty controls on the record before us and requires an inquiry whether any of the following circumstances are present: (1) an intimation of fraud on the seller's part; (2) misfortune beyond his control accounting for the buyer's failure to fulfill the contract; (3) a mutual rescission of the contract; or (4) a benefit to the seller "the retention of which [when compared to the total contract price would be] shocking to the conscience of the court." Beatty, 49 So.2d at 82.
We do not find that Johnson has been unjustly enriched in retaining items of consideration determined by the trial court to amount to $347,011.66, as compared to a total purchase price of $1,900,000. The amount forfeited by the buyers represents 18.2% of the total contract, a percentage that is not sufficient to shock the conscience of the court. See Dade National Dev. Corp. v. Southeast Invs., 471 So.2d 113 (Fla. 4th DCA 1985) (seller's obligation amounted to 18% of purchase price under $1,085,000 contract), rev. denied, 482 So.2d 349 (Fla. 1986); Hooper v. Breneman, 417 So.2d 315 (Fla. 5th DCA 1982) ($20,000 deposit retained by seller on $150,000 contract/13%); O'Neill v. Broadview, Inc., 112 So.2d 280 (Fla. 2d DCA 1959) ($1,500 deposit retained by seller on $10,440 contract/15%). None of the remaining Beatty exceptions are relevant here.
We, therefore, reverse and remand with directions to enter judgment in favor of Johnson on the unjust enrichment claim. However, in all other respects we affirm the trial court's order.
Affirmed in part, reversed in part, and remanded with directions.