PER CURIAM.
This is an appeal by the plaintiff buyers Louis and Lucille Laudecio from an adverse summary judgment entered in an action to recover a deposit on the purchase of a condominium unit. Without burdening this opinion with the detailed negotiations involving mortgage financing conducted after the plaintiffs entered into an agreement to purchase the subject condominium unit, suffice it to say that the plaintiffs eventually declined to close on the sale of the unit after obtaining a binding mortgage commitment and the defendant seller K-Site 500 Associates retained the deposit paid by the plaintiffs. Contrary to the plaintiffs’ argument, we conclude that (1) the plaintiffs obtained a binding mortgage commitment from an institutional lender, as defined in the sale agreement, to finance the instant purchase, but unreasonably declined to fulfill a reasonable condition to that commitment, namely, to place certain cash in escrow at closing for several months of principal, interest, taxes, and insurance, and (2) the refusal of the plaintiffs to close on the purchase of the condominium unit, although they had a binding mortgage commitment, violated the terms of the sale agreement. This being so, the plaintiffs’ default under the contract authorized the subject forfeiture of deposit. Johnson v. Wortzel, 517 So.2d 42, 43 (Fla. 3d DCA1987), rev. denied, 528 So.2d 1184 (Fla.1988); Ruiz v. Huddle, 420 So.2d 327, 328 (Fla. 4th DCA1982); Bee Kay Realty Corp. v. Cayre, 256 So.2d 539 (Fla. 3d DCA), cert. denied, 263 So.2d 207 (Fla. 1972); Herrera y Nogueira v. Helker, 139 So.2d 895 (Fla. 3d DCA1962).
Affirmed.